**ORIGINAL**

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

BZ

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Sophia Wong, Plaintiff

## DEFENDANTS
1.) Michael J. Astrue, Commissioner of Social Security; 2.) Conard House, Inc.; 3. - 50.) additional defendants too numerous to list here; et. al.

**(b)** County of Residence of First Listed Plaintiff San Francisco
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Washington, DC 20530
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Plaintiff is now homeless due to fraud of Defendants: Mailing Address Only is: 1230 Market Street, #731, San Francisco, California 94102. Plaintiff currently has no phone or fax number and seeks court appointment of Civil Rights Attorney pursuant to 5 U.S.C. 504 and 554 inter alia.

Attorneys (If Known)

In care of U.S. Attorney's Office, Attention Social Security Fraud Cases, 450 Golden Gate, San Francisco, California 94102 AND Office of the Attorney General - Attention Social Security Disputes/Payee Fraud; U.S. Department of Justice, 950 Pennsylvania Ave. Washington DC 20530-0001

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | | [ ] 365 Personal Injury — Product Liability | | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 480 Consumer Credit |
| | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 790 Other Labor Litigation | | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [x] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC sections 1983; 1985; 1986; and 902(a)5; 1383(a)2; and 1383(d)(1); 5 USC 505/554; 20 CFR 416.601-416.665 interalia

Brief description of cause:
SSA "Payee" defrauded Plaintiff by not paying her rent for 16 months resulting in her imminent eviction - request for stay

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ $7,000 to 10 million+
- CHECK YES only if demanded in complaint: JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". NONE

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
[x] SAN FRANCISCO/OAKLAND  [ ] SAN JOSE

DATE Wed/May 7/2008

SIGNATURE OF ATTORNEY OF RECORD
Sophia Wong

ORIGINAL

1  Sophia Wong, Plaintiff; Is Now Homeless: MAILING ADDRESS ONLY is:
2  1230 Market Street, #731, San Francisco, California 94102

3  UNITED STATES DISTRICT COURT
4  NORTHERN DISTRICT OF CALIFORNIA

5  Sophia Wong, Plaintiff,    Case No.:
         Vs.
6  {Notation: Defendants #3 thru #30 inclusive are all sued in both
   their private individual capacities and in their official public       08  2432
7  capacities and additionally they are all sued as duly authorized     COMPLAINT
   agents of Defendant Number 1.) Michael J. Astrue.}
8  1.) Michael J. Astrue, Commissioner, of Social Security             FOR A CAUSE OF ACTION BY THIS COURT BZ
   Administration, (hereinafter "SSA")                                  AND
9  In care of: The United States Attorney's offices, Social
   Security Fraud Division, 450 Golden Gate, San Francisco,            APPLICATION FOR **TEMPORARY**
10 California 94102; AND Office of the Attorney General –              **RESTRAINING ORDER,**
   Attention Social Security Disputes /Payee Fraud Division,
11 U.S. Department of Justice, 950 Pennsylvania Avenue,                AND
   NW, Washington, District of Columbia 20530–0001;
12 2.) Conard House, Inc., SSA affiliate member of
   representative payment program, main offices: 1385                  **MOTION FOR A HEARING**
13 Mission Street, Suite 200, San Francisco, California                **ON PRELIMINARY**
   94103; known named Defendants listed below:                         **INJUNCTION**
14 3.) Richard Heasley, address above in #2;
   4.) Mark L. Bennett, address above in #2;
15 5.) Seth Katzmann, address above in #2;                             **JURISDICTION PURSUANT**
   6.) Carol Kassler, address above in #2;                             **TO: 42 U.S.C. § 1983** *INTER ALIA.!*
16 7.) Carol Vullmahn, address above in #2;
   8.) Supervisor of Conard House, Inc., at branch office              THE SOCIAL SECURITY ACT: 42 U.S.C. §
17 location at 160 Ninth Street Offices, San Francisco,                902(a)5; AND 42 U.S.C. § 1383 (a)2; AND 42
   California 94103, a male whose name is unknown;                     U.S.C. § 1383 (d)(1), *inter alia;* AND 20 CFR
18 9.) Robert, a male Employee at 160 Ninth Street Office;             PART 416 SSI, SUBPART F – Representative
   10.–30.) Does, named, unknown persons employed at                   Payment §§ 416.601 TO 416.665 inclusive,
19 various Conard House, Inc. locations;                               especially enforce §416.641; §416.665; and
   31.) Mirian Saez, Interim Director, San Francisco Housing           §416.650, *inter alia;* AND THE EQUAL
20 Authority, (hereinafter PHA – abbreviation for Public               ACCESS TO JUSTICE ACT: 5 U.S.C. § 504;
   Housing Authority) 440 Turk Street, San Francisco,                  AND 5 U.S.C. § 554, *inter alia;* AND FOR THE
21 California 94102;                                                   CIVIL RIGHTS INFRINGEMENTS AND
   32.) Director, The South of Market Mental Health Clinic             ABUSES PORTIONS OF THIS CASE: 42
22 760 Harrison Street, San Francisco, California 94107;               U.S.C § 1983; AND 42 U.S.C. § 1985; AND 42
   33.) Director, The Adult Protective Services of the City            U.S.C. § 1986, *inter alia.*
23 and County of San Francisco, 875 Stevenson St, 3rd Floor,
   San Francisco, California 94102;
24 34.–50.) DOE(S) defendants, named, unknown persons, of
   as yet, unknown connection to this case.
25         Defendants, Et. Al. *All rights reserved to*                **Venue:**
   *add additional Plaintiffs and additional Defendants!!*

26 Plaintiff seeks SUA SPONTE protection from this Court on an absolute emergency 24–hour basis:
27 All crimes committed against Plaintiff occurred in San Francisco, California by mostly State actors, and
   public and private corporation actors, but also possibly some Federal Government actors; only a SUA
28 SPONTE Federal Court investigation can determine the actual events, State court protection is unviable.
   **JURISDICTION: 42 U.S.C. § 1983 § 1985 § 1986; and 20 CFR PART 416 SSI: SUBPART F –**
   **Representative Payment, §§ 416.601 TO 416.665 inclusive, especially §416.641; §416.665, and**
   **§416.650; and 42U.S.C.§ 902(a)5; and 42 U.S.C.§1383(a)2; and 42U.S.C.§1383(d)(1),** *inter alia.*

Page 1 of 14

**Extremely TRUNCATED COMPLAINT:**

This Complaint for a Cause of Action, application for TRO, and Motion for Hearing on Preliminary Injunction is EXTREMELY incomplete, and woefully inadequate, and deliberately TRUNCATED, in fact formal application for TRO and Motion for Preliminary INJUNCTIONS are not even included herein. But the sad fact is the time it would take to properly complete those items would be lost time that the Court could quickly repair the injustice and Civil Rights abuse, restore the Plaintiff and render this Complaint MOOT! If anymore time is lost in typing this just to obtain more proper form before this Court then the Court itself will have more work because the wasted time could move this case beyond the point where a quick and urgent repair from this Court is PROBABLE, to as the time ticks away, IMPROBABLE and as the clock ticks, tilt into the IMPOSSIBLE; thereby making the Complaint more and more VIABLE, {Plaintiff seeks therefore, restoration, and not necessarily the kind of large monetary damages this fully complete Complaint would ordinarily seek, thus Plaintiff believes the swifter this is presented the more likely the Court will have time to correct the egregious Civil Rights Abuses complained of} THEREFORE, it is hoped that this Court will act SUA SPONTE, conducting it's own investigation, and then realize of it's own SUA SPONTE mind that it MUST protect and preserve and RESTORE this innocent Plaintiff in accordance with the attached "Exparte Motion for Immediate SUA SPONTE action from this Court." and "Exparte Motion to Appoint a Civil Rights Attorney" to protect and preserve this innocent Plaintiff. The point is RIGHT NOW this Complaint is not about monetary damages, although Plaintiff must also be minimally compensated as the Court sees as just and proper for the extraordinary costs and expenses caused by Defendants, but that is only a few thousand dollars; thus this case as it currently sits is not truly about monetary compensation, it is about stopping the rank injustice, and extreme Civil Rights Abuses being inflicted upon Plaintiff, so the Court MUST act quickly and time even typing a better Complaint is wasted! ONLY if this swift action fails, or only if the Court will not act AND INVESTIGATE, or if the Court somehow cannot restore Plaintiff, will a more formal complaint be completed and submitted;

## Prima Facie COMPLAINT:

### I.

The innocent Plaintiff is a recipient of Supplemental Security [SSI] Social Security Disability Payments.

### II.

The innocent Plaintiff is a severely mentally disabled person, who must have her necessary payments paid through the Social Security REPRESENTATIVE PAYMENT system; {See: 20 CFR Part 416 SubPart F – Representative Payment §§ 416.601 through 416.665 inclusive} meaning that the Plaintiff is incapable of properly conducting her financial affairs and thus a "PAYEE" is established for her with the legal, moral, ethical, and **LEGISLATIVE DUTY to "ALWAYS ACT IN THE BEST INTERESTS OF THE DISABLED PERSON"**

### III.

**The "Payee" for innocent Plaintiff HAS NOT PAID HER RENT FOR FIFTEEN CONSECUTIVE MONTHS IN THE PAST AND NOW THE CURRENT 16TH MONTH! – THIS IS CRIMINAL MALFEASANCE AND FRAUD, which MUST be enjoined by this Court immediately!**

### IV.

The "Payee" for Innocent Plaintiff is listed above as "Defendants Numbered 2 through 30 inclusive" Conard House, Inc., named, Defendants include, but are not limited to: Mr. Richard Heasley; Mr. Mark L. Bennett; Mr. Seth Katzmann; Ms. Carol Kassler; Ms. Carol Vullmahn; and "Robert": Plaintiff's direct contact person. Other names are unknown. The Court must investigate ALL Defendants SUA SPONTE.

### V.

Defendants have intentionally, willfully, with malice, defrauded Plaintiff out of her lifelong home, the only home she has ever known! By clearly refusing to pay her rent for 15 consecutive months in the past and now a 16th month. The UNLAWFUL refusal of the Defendants to pay the RENT for Plaintiff has resulted in the Plaintiff being evicted and suffering homelessness for the first time in her lifetime. Thus Plaintiff is

Page 3 of 14

*being irreparably harmed* by the fraud of the Defendants and the Defendants must be enjoined from further harming Plaintiff. This irreparable harm JUSTIFIES the TRO applied for, but no time to formally write!

### VI.

```
42 U.S.C. § 1983 provides:
   Every person who, under color of any statute,
   ordinance, regulation, custom, or usage, of any
   State or Territory or the District of Columbia,
   subjects, or causes to be subjected, any citizen
   of the United States or other person within the
   jurisdiction thereof to the deprivation of any
   rights, privileges, or immunities secured by the
   Constitution and laws, shall be liable to the party
   injured in an action at law, suit in equity, or other
             proper proceeding for redress.
```

Above all this Court MUST conduct it's own investigation SUE SPONTE! But for goodness sake, the Court MUST REALIZE the pathetic low-class caliber of the Defendants and the pathetic scum and completely amoral reprobates with which the Court is about to deal, IF YOU THINK THESE WORDS HARSH RECONSIDER THE FACT THAT DEFENDANTS ABUSE A SEVERELY MENTALLY DISABLED PERSON WHO CANNOT DEFEND HERSELF!! The Court must realize that if ANYONE would abuse and harm and take advantage of ANY SEVERELY MENTALLY DISABLED PERSON to the point where that person LOSES THEIR LIFETIME HOME, and then DENIES such abuse JUST TO PROTECT AND PRESERVE THEIR OWN BUREAUCRATIC PHONY JOBS, then that person is literally capable of anything! And that "anything" would easily include the destruction of documents, which would prove the Plaintiff's case! **THE DEFENDANTS ARE IN SOLE POSSESSION OF ALL THE DOCUMENTS, WHICH WOULD PROVE THE PLAINTIFF'S CASE!!** THEREFORE, the Court MUST NOT ALLOW ANY POTENTIAL EVIDENCE TO BE DESTROYED, therefore the Court

MUST SUA SPONTE also serve simultaneously ORDERS onto the Defendants to immediately surrender all documents files, paperwork and evidence of Plaintiff's activities **TO THE EXACT SAME U.S. MARSHALS serving the Civil Summons AT THE EXACT SAME TIME THE SUMMONS AND ORDERS TO CONFISCATE CASEFILES IS SERVED!!**– Plaintiff would argue that the Court must seize ALL files, because who knows what other disabled persons are being malfeasantly abused by the Defendants, but CERTAINLY, CLEARLY the Court must immediately seize all records dealing with the innocent Plaintiff! Now OBVIOUSLY the Defendants, particularly the Conard House Payee Defendants, particularly if the Court CONFISCATES ALL of their casefiles, are going to SCREAM to this Court: "OH! This is all just an accidental oversight on our part, not even rising to the level of a mistake! You have taken extremely unjust action against us Court, because afterall, we have to deal with the mentally disabled everyday, and that is very stressful, we just somehow accidentally maybe mistakenly missed this non payment of rent problem with JUST THIS ONE person!" **BUT PLAINTIFF CAN EASILY PROVE AND THUS ASSERTS THAT THE DEFENDANTS HAVE KNOWN OF THEIR ERRORS OF NOT PAYING THE PLAINTIFFS RENT {back then it was 14 CONSECUTIVE MONTHS,} FOR LONG ENOUGH AGO INTO THE PAST AND CERTAINLY LONG ENOUGH TIME AGO TO EASILY CURE THEIR ERRORS AND EASILY PRESERVE THE PLAINTIFF'S HOME** AND EASILY PRECLUDE EVEN THE FILING OF THIS COURT ACTION! HOWEVER, EVEN KNOWING THAT THE PAYEE DEFENDANTS HAD NOT PAID THE RENT FOR THEN 14 CONSECUTIVE MONTHS, THE PAYEE DEFENDANTS CHOSE WILLFULLY, DELIBERATELY WITH MALICE, TO ABUSE INNOCENT PLAINTIFF AND DENY ANY WRONGDOING INORDER TO COVER UP THEIR ERRORS – BECAUSE AFTERALL PLAINTIFF IS JUST A MENTALLY DISABLED PERSON WHAT CAN SHE DO, AND IT DOES NOT MATTER THAT SHE BECOMES HOMELESS AS LONG AS WE PROTECT OUR REPUTATION AND KEEP THIS COVERED UP AND NOT ADMIT OUR MISTAKE. WELL, PLAINTIFF WOULD ARGUE THAT THIS INTENTIONAL REFUSAL TO PAY AND

SUBSEQUENT COVER-UP RISES TO THE LEVEL OF FRAUD, AND IF THE PAYEE DEFENDANTS WILL WILLFULLY COMMIT FRAUD ON A MENTALLY DISABLED PERSON AND THEN COVER IT UP, AND THEN IF THEY COMPLAIN THIS IS JUST A MISTAKE INVOLVING ONLY ONE PERSON, THEN THE PLAINTIFF ASKS THIS COURT HOW DO WE KNOW THAT? AND HOW DO WE REASONABLY KNOW THAT FOR SURE? !

## VII.

BRIEF DISCUSSION OF ANCILLARY DEFENDANTS: The actions of Defendants listed as #34. to #50 is unknown and reserved to be named if this Complaint needs to be amended; The actions of Defendants listed as #33, The Adult Protective Services, and listed as #32, The South of Market Mental Health Clinic are ABDOMINAL, they have clearly contributed to the Plaintiff's loss of her home through their slow action for #33 and their absolute inaction for #32, however, while their abysmal lack of efforts needs to be addressed, and perhaps this Complaint or Sua Sponte action of the Court is the proper method of correction of their policies, Plaintiff believes that it is necessary to deeply involve these two agencies only if this case moves into the formal Amended Complaint process mentioned above. The Plaintiff does not believe that either Defendant #32 or #33 willfully conspired to evict Plaintiff from her home or defraud her from her home through the non-payment of her rent, however these two defendants DID commit serious actions of failure to protect Plaintiff. That issue does need to be addressed, but likely the Court could address those issues later in this case there is no urgency of addressing the harms these Defendants #32 and #33 commit. FINALLY AN EXTREMELY TRUNCATED VERSION OF THE INVOLVEMENT OF DEFENDANTS NUMBERED 1 THROUGH 31 IS CONTAINED BELOW IN THE PLAINTIFF'S "Two Exparte Motions Before This Court: First Exparte Motion For Immediate Sua Sponte Action From This Court, and Second Exparte Motion for Court to APPOINT a Civil Rights Attorney to protect Plaintiff."

## VIII.

There is obviously much more the Plaintiff could complain of, but in the interest of Judicial Economy sufficiency has been reached. Enough has been presented herein to allow the Court to ACT SUE SPONTE

1 AND CONDUCT IT'S OWN INVESTIGATION and RESTORE PLAINTIFF TO HER LIFELONG HOME OR A LARGER BETTER PLACE

IX.

Now this complaint is incomplete, other than reimbursement for the extraordinary expenses Plaintiff has incurred and a small stipend for her harms, Plaintiff does not truly seek Monetary Damages from the Defendants – assuming the Court restores Plaintiff to her lifelong home, or a better location and larger apartment through negotiations with the Defendants and it does not cost Plaintiff any more money ever. HOWEVER, IF THE COURT IS UNABLE OR UNWILLING TO RESTORE PLAINTIFF TO WHERE SHE WAS AND EXPUNGE COMPLETELY THE UNLAWFUL DETAINER ACTIONS FROM HER LIFE, THEN the innocent Plaintiffs will be forced to ADD to and AMEND the COMPLAINT; add an additional Plainiff who has also been severely harmed by Defendants, and perhaps add OTHER Plaintiffs and demand A JURY TRIAL AND DEMAND OVER $10,000,000 for INTENTIONAL INFLICTION OF PHYSICAL AND MENTAL AND EMOTIONAL DISTRESS and demand even more in MONETARY DAMAGES, real and consequential, AND COMPENSATORY, EXEMPLARY, AND PUNITIVE DAMAGES; AND ALL OF THAT IS COMPLETELY UNNECESSARY AND A TIME CONSUMING EFFORT FOR THE COURT AND EVERYONE ELSE INVOLVED, WHEN ALL THAT THE PLAINTIFFS SEEK AS NECESSARY IS THE EMERGENCY SUA SPONTE COURT ACTION TO RESTORE THE PLAINTIFF TO HER HOME AND PUNISH THE CRIMINAL MALFEASANCES OF THE DEFENDANTS, and pay her reasonable expenses as the Court rules just and reasonable!

X.

**Finally, Plaintiff reiterates for emphasis that Defendants Control paperwork proving Plaintiff's case and Defendant's #2 thru #30 can easily destroy or change evidence, thus the Court must Sua Sponte confiscate Plaintiffs casefiles from BOTH Defendants locations simultaneously as detailed below in Plaintiff's Prima Facie facts showing absolute urgency for the Court to move SUA SPONTE:**

**Prima Facie facts showing absolute urgency for the Court to move SUA SPONTE:**

1.) Plaintiff Sophia Wong is a severely mentally disabled individual who is a member of a specially protected class who must be preserved by this Court.

2.) Plaintiff is currently receiving Social Security disability payments – this is not a dispute of Social Security disability status.

3.) Plaintiff has lived her entire lifetime, 38 years, at the same, 1560 square–foot apartment owned by the San Francisco Housing Authority (hereinafter abbreviated as either SFHA or PHA – the standard abbreviation for Public Housing Authority).  4.–5.) Plaintiff pays $247 per month rent and lives alone.

6.) Plaintiff is currently being wrongfully evicted from her lifetime home for non–payment of rent for now 15 consecutive months!

7.) Plaintiff is not mentally cognizant of this fact of eviction, or the facts and ramifications thereof.  Plaintiff just thinks "they are forcing her to move."

**8.) Plaintiff has a Social Security Representative Payment "PAYEE" who has fraudulently with intentional malice refused to pay the $247.00 monthly rent to the SFHA for now 15 consecutive months.  {Technically making defendant SFHA also a victim in this matter.}**

9.) "Payee Defendants" are numbered 2 through 30 Conard House Inc., and it's numerous employees of same, all sued in both their individual and official capacities.  Payee Defendants are all acting **UNDER COLOR OF LAW** as duly authorized representative of, and agent for, Defendant number1 the Social Security Administration, which has always woefully failed in properly administrating the Representative Payment System of which this case is just a most recent glaring example.

10.) Payee Defendants and other Defendants have criminally defrauded Plaintiff and caused her imminent eviction from her lifelong home. Payee Defendants have criminally conspired with other Defendants jointly and severally through absolute negligence and malfeasance in public office to willfully not correct, fail to correct, and refuse to correct, and thereby willfully, deliberately, with malice, ignore the indisputable prima

facie facts of their own negligent behavior of failing to pay the rent; and thus that behavior now rises to the level of *fraud!* In that even though Defendants are fully aware they are required to pay the rent, fully aware the rent is required to be paid to the SFHA, and fully aware that their fraudulent actions against Plaintiff of not paying the rent has resulted in the imminent eviction of innocent Plaintiff Sophia Wong, none of them have acted on behalf of, or for Plaintiff Sophia Wong! And ALL Payee Defendants have STILL refused to pay the rent! Defendants' refusal to pay the rent is now resulting in the eviction of Plaintiff Wong! And Defendants force Plaintiff to suffer the automatic, legislated PHA penalty of a 5-year wait period before being allowed to reapply for new housing, and given the 5-year waitlist in SFHA, Plaintiff now suffers at least 10 years or more of homelessness, Plaintiff must be protected from Defendants/and Defendants MUST be referred to United States Attorney for criminal prosecution – but only after the housing for Plaintiff is secured again. The fundamental principle is that the Payee must always act in the best interest of the disabled person for whom they are paying; ALL Defendants have destroyed that requirement under law!

### IMMEDIATE RELIEF SOUGHT:

1.) Stay eviction action and overturn judgment in CUD-08-625494 in California Superior Court, and

2.) Stay sheriff's eviction, and

3.) Stay the granted possession; and stay the San Francisco Housing Authority from regaining possession of Plaintiff's lifelong apartment; and prohibit imposition of the 5-year wait period.

4.) Stay the Defendants from destroying the life of innocent Plaintiff Sophia Wong, by restoring her to the only lifetime home she has ever known; even if the Court finds that it is too late to stop the actions against the innocent Plaintiff. And/or transferring Plaintiff to another equal in size and better home in a safer building in the interest of Justice, even if the Court believes that is extraordinary relief beyond it's powers **because Defendants must be enjoined from destroying the life of the innocent Plaintiff!**
**5.) Plaintiff must have her Payee changed by this Court Order later on the same day this Court obtains her records, because Defendants can abuse her money, and her through her need for same**

This Court must act immediately to protect the Plaintiff from life-threatening injury and the most extreme possible harms to her mental and physical well-being. Plaintiff is a severely mentally ill 38-year-old woman who has lived her entire lifetime in the same home, who has never been homeless in her entire lifetime, who cannot function on the brutal streets of San Francisco as a homeless person,

who is absolutely endangered of life and limb at this very moment of your reading this, who is being irreparably harmed because the Innocent Plaintiff – through absolutely no fault of her own whatsoever – is now homeless – with no safe place to live – and has now contracted BedBugs and BedBug Bites! Plaintiff's address listed on these Court papers is only a mailing address, as she does not live anywhere anymore, and only this Court can ease those irreparable harms, because she cannot protect herself, therefore the Court must act Sua Sponte and protect the innocent Plaintiff! Plaintiff is currently receiving Supplemental Security Income {SSI} Social Security Disability benefits in the form of representative payment (Payee) status payments (see: 20 CFR 416.601 to 416.665 inclusive). In other words, Plaintiff is mentally incapable of properly spending her money to pay rent and utilities and therefore is receiving those payments through Defendants Conard House, Inc., et. al. Plaintiff is being criminally defrauded by the Defendants and cannot defend herself thus, this Court MUST act immediately, Sua Sponte to protect her. Plaintiff has suffered a dramatic double devastation of first losing her lifetime home and second losing her entire SSI payments check! Because Payee Defendants apparently divided Plaintiff's checks into four equal proportions and paid the proportions out weekly, instead of paying the only $247 rent! Now 77% of Plaintiff's SSI check is suddenly being used to buy her a hotel room! Thus Plaintiff has suffered a dramatic and corresponding loss of her own money down to unlivable status and forcing her to beg and plead to obtain money from her friend who has little to spare. Formerly, Plaintiff lived on 70% and paid 30% rent; now her rent is 77% of her monthly check!

**The Defendants control all the paperwork, which proves the Plaintiff's case therefore, the Court,** must order all paperwork immediately confiscated from all Defendants and delivered unto itself at a special protected location within 450 Golden Gate! In acting SUA SPONTE this Court, even before alerting the California Superior Court of this stay, must send out immediate Summons – particularly onto Payee Defendants #2– #30 inclusive and ORDER and demand all paperwork regarding Sophia Wong be surrendered <u>**at the exact same time of delivery of summons**</u> to the United States Marshals

**delivering the summons**, similar to if the Court served a search warrant! In other words, Defendants may have already destroyed critical paperwork evidence of their frauds! So notification to the Payee Defendants of this case and cause of action by delivery of merely a summons from the Court would **guarantee destruction of critical evidence proving Plaintiff's case!** Certainly, clearly if <u>Defendants are capable of being fraudulent enough to not pay the rent for 15 consecutive months and think they could get away with it, they are quite easily capable of being fraudulent enough to destroy critical evidence or alter critical evidence, when they are tipped off that they are being sued in Federal Court!</u>

Therefore, this Court MUST order several United States Marshals to simultaneously confiscate at two separate locations, all files of Conard House, Inc. or at minimum all files regarding Plaintiff Sophia Wong! To enter either Payee Defendant's locked location one must press the electronic buzzers on the exterior walls to enter at both Payee Defendants addresses: the central offices at 1385 Mission Suite 200, Second Floor and at the branch office of 160 Ninth Street, and the Court must Order the United States Marshals to confiscate ALL FILES, or at the very least all files regarding Plaintiff Sophia Wong, at both locations, all at the exact same time, with absolutely no advance notice whatsoever! Additionally the Court must bring the Defendants to itself, SUA SPONTE and investigate them, as Plaintiff is wholly incapable of conducting this investigation.

The Defendant #31: Public Housing Authority of the City and County of San Francisco is actually a victim in this case as well as Plaintiff Wong. Because they have a legitimate claim to the required rental payments of Plaintiff; therefore they too have been victimized by the wrongful acts of the other Defendants, however, because the Housing Authority of the City and County of San Francisco is the Plaintiff in the Unlawful Detainer action of CUD–08–625494 against Sophia Wong, and because the Court must now intervene and stop the wrongful eviction of Sophia Wong and stay the eviction and possession in that matter, the SFHA is named as Defendant herein, it is unknown the extent of SFHA involvement in this conspiracy to defraud Plaintiff in this matter thus the Court must order all

paperwork in possession of SFHA Defendants unto itself. Likewise, the Defendant #1 Social Security Administration (SSA) has woefully failed in it's oversight responsibilities to Plaintiff Wong. It is very slightly possible that the SSA is also a victim of the other Defendants in this case because most likely the SSA Defendants are not directly involved in the conspiracy to defraud Plaintiff; however the SSA Defendants agents and authorized representative payees are the ones who are deeply involved in the conspiracy to criminally defraud Plaintiff, so this level of Fraud may only be possible with the knowledge and cooperation of the SSA. And moreover, additionally the SSA Defendants are supplying the disability monies, but have failed to provide proper oversight over those monies that have been fraudulently misappropriated by the other Defendants; and Plaintiff must also have this Court force the SSA Defendants to act under 20 CFR § 416.641 and § 416.665 and §416.650. Thus this Court must order all paperwork from the SSA Defendants unto itself. Furthermore, this Court must issue Orders and require Defendants {particularly SSA Defendants #1 and PHA Defendants #31} to all act in such a way as to establish the case law requirements, that from now on nationwide, everytime a disabled recipient of Social Security benefits is also housed in a PHA property the two agencies must work together to prevent the eviction of every disabled recipient of Social Security benefits by if necessary establishing a direct deposit link between a small portion of the disability payments and the PHA. For example: say 25%; typically the amount of rent paid in a PHA is 30% of income, thus if the required direct deposit from the SSA paid directly to the PHA were say 25% the PHA would be receiving enough monies to prohibit the eviction of the disabled person, but the SSA and PHA would thus also have a monitor on the disabled person who would still have to pay 5% personal payment, or payment through a representative payee. Thus if that personal payment became in arrears by 10 or 15 months, as in this case, it would indicate that something was amiss: the person died, moved without informing the agencies, or perhaps was in grave trouble, their payee was not paying, or they were worse off mentally or physically and lost on the streets, or in need of hospitalization, or perhaps even the need of increasing

the direct deposit portion to cover the entire rent – as in this case! In other words the system this Court must cause to be set up would alert these agencies when something was wrong and still protect the disabled from a wrongful eviction because of non–payment of rent.

**SECOND** **Exparte Motion:** additionally, Plaintiff hereby MOVES this Honorable Court to immediately select and APPOINT a well–respected local Civil Rights Attorney to the Plaintiff's case, protection and advocacy, pursuant to the Equal Access to Justice Act 5 U.S.C. Sections 504 and 554 *inter alia*, to facilitate this case for both the Court and the Plaintiff. Plaintiff cannot defend herself and therefore must have the Court APPOINT an as yet unnamed Civil Rights Attorney. Plaintiff has not discussed this matter with any Civil Rights Attorney because she cannot pay one, however if the Court will at least approve this Motion to Appoint a Civil Rights Attorney under the Equal Access to Justice Act, the odds of Plaintiff being able to find a Civil Rights Attorney willing to serve knowing in advance that he or she will be paid pursuant to the Equal Access to Justice Act should make the process of finding said Attorney much more likely, thus **such an action would benefit the Court as well as the Plaintiff.**

Plaintiff has paid the Court costs today for filing this action only because of the emergency nature of needing the Court to act today! Plaintiff is indigent and qualifies for the *In Forma Pauperis* status waiver of filing fees however, the absolute urgency of need for emergency SUA SPONTE action within 24 hours from this Court requires the Plaintiff to simply pay the fees in this case and move instantly to Court action, as there is absolutely no time whatsoever for the Court to consider and order IFP status. Later, after the Court has protected Plaintiff, she will file the paperwork for IFP status and request that the Court issue the extremely rare order to refund the filing fees to the Plaintiff. Plaintiff also asserts that this case must be moved upon immediately, if the Court delays by even a day the possibility of restoring Plaintiff into her lifetime home might be forever lost. If the Court is somehow unable to restore the Plaintiff back into her lifetime home, or at the very least exchange her lifelong home for an equal size or superior apartment in a better building in a better location, at no added cost to

the Plaintiff, and at 100% cost to the Defendants so that all Plaintiff must do is unlock the new apartment door and be made whole, then the Court must Sua Sponte convert this motion INTO A COMPLAINT FOR A CAUSE OF ACTION, requiring the Defendants, particularly the Payee Defendants to pay for a new equivalent 1560 square foot high–rise apartment with Bay Bridge View, and pay all utilities, and pay all property taxes, fees and all other costs associated with buying such apartment for Plaintiff; and fully furnish same in a manner equal to or greater than her current furnishings; and compensate Plaintiff for the cost of housing in the interim, and pay for the intentional infliction of mental, physical, and emotional distress, and compensatory, exemplary, and punitive damages onto Plaintiff Wong and additional Plaintiffs, yet to be filed.  The estimated cost of such a large 1560 square foot apartment is approximately $1,700,000 to $2,400,000 plus lifetime – at least 57 years of – prepayment of taxes, utilities, and etcetera, thus Plaintiff estimates the total damages in the amount of $7,000,000 and requires most of those monies in a trust fund with trust fund investment manager and guardian fees, and approximately 25% of the amount of Plaintiff Wong's total damages also additionally awarded for the other Plaintiffs, raising the grand total to around $10,000,000.00. Therefore it is hoped that the Court will save all those monetary damages by acting immediately and reinstate Plaintiff Wong into her apartment at 895 Pacific, Number 337 or under Court order require the equivalent size apartment in a better building be made available immediately at no additional costs and cause the Defendants to house Plaintiff in a first class hotel – that is free of BedBugs – in the interim and pay for decontaminating all her possessions from BedBugs, and pay all costs associated with this action.  If necessary a **Jury Trial is demanded, but it is hoped this case will never reach the Complaint stage and much less will never reach that trial point! Because that would mean the Court failed to protect Plaintiff today!**

Respectfully submitted: Signed, Sworn, and Dated in San Francisco, California on this Wednesday, the 7th day of May, 2008   BY: ___Sophia Wong___ Sophia Wong, Plaintiff