ORIGINAL ORIGINAL

Sophia Wong, Plaintiff; Is Now Homeless: MAILING ADDRESS ONLY is:
1230 Market Street, #731, San Francisco, California 94102

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 08 2432 BZ

| Sophia Wong, Plaintiff, | Case No.: |
|---|---|
| Vs. | Two Exparte Motions Before This Court: |
| {Notation: Defendants #3 thru #30 inclusive are all sued in both their private individual capacities and in their official public capacities and additionally they are all sued as duly authorized agents of Defendant Number 1.) Michael J. Astrue.} | ***FIRST*** EXPARTE MOTION FOR IMMEDIATE SUA SPONTE ACTION FROM THIS COURT: FOR THE COURT TO IMMEDIATELY |
| 1.) Michael J. Astrue, Commissioner, of Social Security Administration, (hereinafter "SSA") In care of: The United States Attorney's offices, Social Security Fraud Division, 450 Golden Gate, San Francisco, California 94102; AND Office of the Attorney General – Attention Social Security Disputes /Payee Fraud Division, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, District of Columbia 20530–0001; | 1.) STAY EVICTION ACTION CUD–08–625494 IN CALIFORNIA SUPERIOR COURT, AND 2.) STAY SHERIFF'S EVICTION, AND 3.) STAY THE SAN FRANCISCO HOUSING AUTHORITY FROM REGAINING POSSESSION OF PLAINTIFF'S LIFELONG APARTMENT, AND |
| 2.) Conard House, Inc., SSA affiliate member of representative payment program, main offices: 1385 Mission Street, Suite 200, San Francisco, California 94103; known named Defendants listed below: | 4.) STAY THE DEFENDANTS FROM DESTROYING THE LIFE OF INNOCENT PLAINTIFF SOPHIA WONG |
| 3.) Richard Heasley, address above in #2; 4.) Mark L. Bennett, address above in #2; 5.) Seth Katzmann, address above in #2; 6.) Carol Kassler, address above in #2; 7.) Carol Vullmahn, address above in #2; 8.) Supervisor of Conard House, Inc., at branch office location at 160 Ninth Street Offices, San Francisco, California 94103, a male whose name is unknown; 9.) Robert, a male Employee at 160 Ninth Street Office; 10.–30.) Does, named, unknown persons employed at various Conard House, Inc. locations; | ***SECOND*** Exparte Motion for Court to APPOINT a Civil Rights Attorney Pursuant to 5 U.S.C. § § 504; 554 *inter alia*. |
| 31.) Mirian Saez, Interim Director, San Francisco Housing Authority, (hereinafter SFHA and/or PHA – abbreviation for Public Housing Authority) 440 Turk Street, San Francisco, California 94102; 32.) Director, The South of Market Mental Health Clinic 760 Harrison Street, San Francisco, California 94107; 33.) Director, The Adult Protective Services of the City and County of San Francisco, 875 Stevenson St, 3rd Floor, San Francisco, California 94102; 34.–50.) DOE(S) defendants, named, unknown persons, of as yet, unknown connection to this case. Defendants, Et. Al. *All rights reserved to add additional Plaintiffs and additional Defendants!!* | JURISDICTION PURSUANT TO: THE SOCIAL SECURITY ACT: 42 U.S.C. § 902(a)5; AND 42 U.S.C. § 1383 (a)2; AND 42 U.S.C. § 1383 (d)(1), *inter alia;* AND 20 CFR PART 416 SSI, SUBPART F – Representative Payment §§ 416.601 TO 416.665 inclusive, especially enforce §416.641; §416.665; and §416.650, *inter alia;* AND THE EQUAL ACCESS TO JUSTICE ACT: 5 U.S.C. § 504; AND 5 U.S.C. § 554, *inter alia;* AND FOR THE CIVIL RIGHTS INFRINGEMENTS AND ABUSES PORTIONS OF THIS CASE: 42 U.S.C § 1983; AND 42 U.S.C. § 1985; AND 42 U.S.C. § 1986, *inter alia*. |

**Venue:**

Plaintiff seeks SUA SPONTE protection from this Court on an absolute emergency 24–hour basis: All crimes committed against Plaintiff occurred in San Francisco, California by mostly State actors, and public and private corporation actors, but also possibly some Federal Government actors; only a SUA SPONTE Federal Court investigation can determine the actual events, State court protection is unviable.

**JURISDICTION: 42 U.S.C. § 1983 § 1985 § 1986; and 20 CFR PART 416 SSI: SUBPART F –**
Representative Payment, §§ 416.601 TO 416.665 inclusive, especially §416.641; §416.665, and §416.650; and 42U.S.C.§ 902(a)5; and 42 U.S.C.§1383(a)2; and 42U.S.C.§1383(d)(1), *inter alia*.

**Prima Facie facts showing absolute urgency for the Court to move SUA SPONTE:**

1.) Plaintiff Sophia Wong is a severely mentally disabled individual who is a member of a specially protected class who must be preserved by this Court.

2.) Plaintiff is currently receiving Social Security disability payments – this is not a dispute of Social Security disability status.

3.) Plaintiff has lived her entire lifetime, 38 years, at the same, 1560 square–foot apartment owned by the San Francisco Housing Authority (hereinafter abbreviated as either SFHA or PHA – the standard abbreviation for Public Housing Authority).  4.–5.) Plaintiff pays $247 per month rent and lives alone.

6.) Plaintiff is currently being wrongfully evicted from her lifetime home for non–payment of rent for now 15 consecutive months!

7.) Plaintiff is not mentally cognizant of this fact of eviction, or the facts and ramifications thereof.  Plaintiff just thinks "they are forcing her to move."

**8.) Plaintiff has a Social Security Representative Payment "PAYEE" who has fraudulently with intentional malice refused to pay the $247.00 monthly rent to the SFHA for now 15 consecutive months.  {Technically making defendant SFHA also a victim in this matter.}**

9.) "Payee Defendants" are numbered 2 through 30 Conard House Inc., and it's numerous employees of same, all sued in both their individual and official capacities.  Payee Defendants are all acting **UNDER COLOR OF LAW** as duly authorized representative of, and agent for, Defendant number1 the Social Security Administration, which has always woefully failed in properly administrating the Representative Payment System of which this case is just a most recent glaring example.

10.) Payee Defendants and other Defendants have criminally defrauded Plaintiff and caused her imminent eviction from her lifelong home. Payee Defendants have criminally conspired with other Defendants *jointly and severally* through absolute negligence and malfeasance in public office to willfully not correct, fail to correct, and refuse to correct, and thereby willfully, deliberately, with malice, ignore the indisputable prima

facie facts of their own negligent behavior of failing to pay the rent; and thus that behavior now rises to the level of *fraud!* In that even though Defendants are fully aware they are required to pay the rent, fully aware the rent is required to be paid to the SFHA, and fully aware that their fraudulent actions against Plaintiff of not paying the rent has resulted in the imminent eviction of innocent Plaintiff Sophia Wong, none of them have acted on behalf of, or for Plaintiff Sophia Wong! And ALL Payee Defendants have STILL refused to pay the rent! Defendants' refusal to pay the rent is now resulting in the eviction of Plaintiff Wong! And Defendants force Plaintiff to suffer the automatic, legislated PHA penalty of a 5-year wait period before being allowed to reapply for new housing, and given the 5-year waitlist in SFHA, Plaintiff now suffers at least 10 years or more of homelessness, Plaintiff must be protected from Defendants/and Defendants MUST be referred to United States Attorney for criminal prosecution – but only after the housing for Plaintiff is secured again. The fundamental principle is that the Payee must always act in the best interest of the disabled person for whom they are paying; ALL Defendants have destroyed that requirement under law!

## IMMEDIATE RELIEF SOUGHT:

1.) Stay eviction action and overturn judgment in CUD–08–625494 in California Superior Court, and

2.) Stay sheriff's eviction, and

3.) Stay the granted possession; and stay the San Francisco Housing Authority from regaining possession of Plaintiff's lifelong apartment; and prohibit imposition of the 5-year wait period.

4.) Stay the Defendants from destroying the life of innocent Plaintiff Sophia Wong, by restoring her to the only lifetime home she has ever known; even if the Court finds that it is too late to stop the actions against the innocent Plaintiff. And/or transferring Plaintiff to another equal in size and better home in a safer building in the interest of Justice, even if the Court believes that is extraordinary relief beyond it's powers **because Defendants must be enjoined from destroying the life of the innocent Plaintiff!**
**5.) Plaintiff must have her Payee changed by this Court Order later on the same day this Court obtains her records, because Defendants can abuse her money, and her through her need for same**

This Court must act immediately to protect the Plaintiff from life-threatening injury and the most extreme possible harms to her mental and physical well-being. Plaintiff is a severely mentally ill 38-year-old woman who has lived her entire lifetime in the same home, who has never been homeless in her entire lifetime, who cannot function on the brutal streets of San Francisco as a homeless person,

who is absolutely endangered of life and limb at this very moment of your reading this, who is being irreparably harmed because the Innocent Plaintiff – through absolutely no fault of her own whatsoever – is now homeless – with no safe place to live – and has now contracted BedBugs and BedBug Bites! Plaintiff's address listed on these Court papers is only a mailing address, as she does not live anywhere anymore, and only this Court can ease those irreparable harms, because she cannot protect herself, therefore the Court must act Sua Sponte and protect the innocent Plaintiff! Plaintiff is currently receiving Supplemental Security Income {SSI} Social Security Disability benefits in the form of representative payment (Payee) status payments (see: 20 CFR 416.601 to 416.665 inclusive). In other words, Plaintiff is mentally incapable of properly spending her money to pay rent and utilities and therefore is receiving those payments through Defendants Conard House, Inc., et. al. Plaintiff is being criminally defrauded by the Defendants and cannot defend herself thus, this Court MUST act immediately, Sua Sponte to protect her. Plaintiff has suffered a dramatic double devastation of first losing her lifetime home and second losing her entire SSI payments check! Because Payee Defendants apparently divided Plaintiff's checks into four equal proportions and paid the proportions out weekly, instead of paying the only $247 rent! Now 77% of Plaintiff's SSI check is suddenly being used to buy her a hotel room! Thus Plaintiff has suffered a dramatic and corresponding loss of her own money down to unlivable status and forcing her to beg and plead to obtain money from her friend who has little to spare. Formerly, Plaintiff lived on 70% and paid 30% rent; now her rent is 77% of her monthly check!

**The Defendants control all the paperwork, which proves the Plaintiff's case therefore, the Court,** must order all paperwork immediately confiscated from all Defendants and delivered unto itself at a special protected location within 450 Golden Gate! In acting SUA SPONTE this Court, even before alerting the California Superior Court of this stay, must send out immediate Summons – *particularly* onto Payee Defendants #2– #30 inclusive and ORDER and demand all paperwork regarding Sophia Wong be surrendered <u>**at the exact same time of delivery of summons**</u> to the United States Marshals

**delivering the summons,** similar to if the Court served a search warrant! In other words, Defendants may have already destroyed critical paperwork evidence of their frauds! So notification to the Payee Defendants of this case and cause of action by delivery of merely a summons from the Court would **guarantee destruction of critical evidence proving Plaintiff's case!** Certainly, clearly if <u>Defendants are capable of being fraudulent enough to not pay the rent for 15 consecutive months and think they could get away with it, they are quite easily capable of being fraudulent enough to destroy critical evidence or alter critical evidence, when they are tipped off that they are being sued in Federal Court!</u>

Therefore, this Court MUST order several United States Marshals to simultaneously confiscate at two separate locations, all files of Conard House, Inc. or at minimum all files regarding Plaintiff Sophia Wong! To enter either Payee Defendant's locked location one must press the electronic buzzers on the exterior walls to enter at both Payee Defendants addresses: the central offices at 1385 Mission Suite 200, Second Floor and at the branch office of 160 Ninth Street, and the Court must Order the United States Marshals to confiscate ALL FILES, or at the very least all files regarding Plaintiff Sophia Wong, at both locations, all at the exact same time, with absolutely no advance notice whatsoever! Additionally the Court must bring the Defendants to itself, SUA SPONTE and investigate them, as Plaintiff is wholly incapable of conducting this investigation.

The Defendant #31: Public Housing Authority of the City and County of San Francisco is actually a victim in this case as well as Plaintiff Wong. Because they have a legitimate claim to the required rental payments of Plaintiff; therefore they too have been victimized by the wrongful acts of the other Defendants, however, because the Housing Authority of the City and County of San Francisco is the Plaintiff in the Unlawful Detainer action of CUD-08-625494 against Sophia Wong, and because the Court must now intervene and stop the wrongful eviction of Sophia Wong and stay the eviction *and* possession in that matter, the SFHA is named as Defendant herein, it is unknown the extent of SFHA involvement in this conspiracy to defraud Plaintiff in this matter thus the Court must order all

paperwork in possession of SFHA Defendants unto itself. Likewise, the Defendant #1 Social Security Administration (SSA) has woefully failed in it's oversight responsibilities to Plaintiff Wong. It is very slightly possible that the SSA is also a victim of the other Defendants in this case because most likely the SSA Defendants are not directly involved in the conspiracy to defraud Plaintiff; however the SSA Defendants agents and authorized representative payees are the ones who are deeply involved in the conspiracy to criminally defraud Plaintiff, so this level of Fraud may only be possible with the knowledge and cooperation of the SSA. And moreover, additionally the SSA Defendants are supplying the disability monies, but have failed to provide proper oversight over those monies that have been fraudulently misappropriated by the other Defendants; and Plaintiff must also have this Court force the SSA Defendants to act under 20 CFR § 416.641 and § 416.665 and §416.650. Thus this Court must order all paperwork from the SSA Defendants unto itself. Furthermore, this Court must issue Orders and require Defendants {particularly SSA Defendants #1 and PHA Defendants #31} to all act in such a way as to establish the case law requirements, that from now on nationwide, everytime a disabled recipient of Social Security benefits is also housed in a PHA property the two agencies must work together to prevent the eviction of every disabled recipient of Social Security benefits by if necessary establishing a direct deposit link between a small portion of the disability payments and the PHA. For example: say 25%; typically the amount of rent paid in a PHA is 30% of income, thus if the required direct deposit from the SSA paid directly to the PHA were say 25% the PHA would be receiving enough monies to prohibit the eviction of the disabled person, but the SSA and PHA would thus also have a monitor on the disabled person who would still have to pay 5% personal payment, or payment through a representative payee. Thus if that personal payment became in arrears by 10 or 15 months, as in this case, it would indicate that something was amiss: the person died, moved *without* informing the agencies, or perhaps was in grave trouble, their payee was not paying, or they were worse off mentally or physically and lost on the streets, or in need of hospitalization, or perhaps even the need of increasing

1  the direct deposit portion to cover the entire rent – as in this case! In other words the system this Court must cause to be set up would alert these agencies when something was wrong and still protect the disabled from a wrongful eviction because of non-payment of rent.

*Second* **Exparte Motion:** additionally, Plaintiff hereby MOVES this Honorable Court to immediately select and APPOINT a well-respected local Civil Rights Attorney to the Plaintiff's case, protection and advocacy, pursuant to the Equal Access to Justice Act 5 U.S.C. Sections 504 and 554 *inter alia*, to facilitate this case for both the Court and the Plaintiff. Plaintiff cannot defend herself and therefore must have the Court APPOINT an as yet unnamed Civil Rights Attorney. Plaintiff has not discussed this matter with any Civil Rights Attorney because she cannot pay one, however if the Court will at least approve this Motion to Appoint a Civil Rights Attorney under the Equal Access to Justice Act, the odds of Plaintiff being able to find a Civil Rights Attorney willing to serve knowing in advance that he or she will be paid pursuant to the Equal Access to Justice Act should make the process of finding said Attorney much more likely, thus **such an action would benefit the Court as well as the Plaintiff.**

~~Plaintiff has paid the Court costs today for filing this action only because of the emergency nature of needing the Court to act today! Plaintiff is indigent and qualifies for the *In Forma Pauperis* status waiver of filing fees however, the absolute urgency of need for emergency SUA SPONTE action within 24 hours from this Court requires the Plaintiff to~~ simply pay the fees ~~in this case and move instantly to Court action, as there is absolutely no time whatsoever for the Court to consider and order IFP status. Later, after the Court has protected Plaintiff, she will file the paperwork for IFP status and request that the Court issue the extremely rare order to refund the filing fees to the Plaintiff.~~ Plaintiff also asserts that this case must be moved upon immediately, if the Court delays by even a day the possibility of restoring Plaintiff into her lifetime home might be forever lost. If the Court is somehow unable to restore the Plaintiff back into her lifetime home, or at the very least exchange her lifelong home for an equal size or superior apartment in a better building in a better location, at no added cost to

the Plaintiff, and at 100% cost to the Defendants so that all Plaintiff must do is unlock the new apartment door and be made whole, then the Court must Sua Sponte convert this motion INTO A COMPLAINT FOR A CAUSE OF ACTION, requiring the Defendants, particularly the Payee Defendants to pay for a new equivalent 1560 square foot high-rise apartment with Bay Bridge View, and pay all utilities, and pay all property taxes, fees and all other costs associated with buying such apartment for Plaintiff; and fully furnish same in a manner equal to or greater than her current furnishings; and compensate Plaintiff for the cost of housing in the interim, and pay for the intentional infliction of mental, physical, and emotional distress, and compensatory, exemplary, and punitive damages onto Plaintiff Wong and additional Plaintiffs, yet to be filed. The estimated cost of such a large 1560 square foot apartment is approximately $1,700,000 to $2,400,000 plus lifetime – at least 57 years of – prepayment of taxes, utilities, and etcetera, thus Plaintiff estimates the total damages in the amount of $7,000,000 and requires most of those monies in a trust fund with trust fund investment manager and guardian fees, and approximately 25% of the amount of Plaintiff Wong's total damages also additionally awarded for the other Plaintiffs, raising the grand total to around $10,000,000.00. Therefore it is hoped that the Court will save all those monetary damages by acting immediately and reinstate Plaintiff Wong into her apartment at 895 Pacific, Number 337 or under Court order require the equivalent size apartment in a better building be made available immediately at no additional costs and cause the Defendants to house Plaintiff in a first class hotel – that is free of BedBugs – in the interim and pay for decontaminating all her possessions from BedBugs, and pay all costs associated with this action. If necessary a Jury Trial is demanded, but it is hoped this case will never reach the Complaint stage and much less will never reach that trial point! Because that would mean the Court failed to protect Plaintiff today!

Respectfully submitted: Signed, Sworn, and Dated in San Francisco, California on this Wednesday, the 7th day of May, 2008   BY: _____Sophia Wong_____ Sophia Wong, Plaintiff