**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

SOPHIA WONG,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration, *et al.*,

    Defendants.

No. C 08-02432 SBA

**ORDER**

[Docket No. 4]

## INTRODUCTION

Before the Court is plaintiff Sophia Wong's First Ex-parte Motion for Immediate Sua Sponte Action from this Court: for the Court to Immediately (1) Stay Eviction Action, (2) Stay Sheriff's Eviction, and (3) Stay the San Francisco Housing Authority from Regaining Possession of Plaintiff's Lifelong Apartment, and (4) Stay the Defendants from Destroying the Life of Innocent Plaintiff Sophia Wong (the "Motion") [Docket No. 4]. Wong has asked the Court to issue a temporary restraining order ("TRO") to stay her eviction from her apartment. Wong did not serve any defendants with her ex parte request, claiming they would destroy evidence if served with process. She did not verify or declare her allegations, however. Further, Wong has apparently already been evicted in a Superior Court action. Thus, as discussed below, the Court denies her request due to mootness, under *Younger v. Harris*, 401 U.S. 37 (1971), and for lack of proper service.

## BACKGROUND

Wong is allegedly mentally disabled and receives Social Security disability benefits. Mot. at 2:2-5. She alleges her benefits go to a payee, whom she has named as a defendant, who did not pay her rent for 15 months, resulting in her eviction by her landlord, the San Francisco Housing Authority (the "SFHA"), in Superior Court case CUD-08-625494. *Id.* at 2:11-20, 3:17, 5:24-25. As a result, she alleges she is now homeless. *Id.* at 1:1, 4:3-6, 4:15-16. On May 12, 2008, Wong filed a complaint and the Motion in the Northern District of California. *See* Docket Nos. 1, 4.

In her Motion, Wong requests the Court issue a TRO to: (1) overturn the judgment in case

1  CUD-08-625494; (2) stay the Sheriffs' eviction; (3) stay the granted possession; (4) stay the SFHA
2  from regaining possession of her apartment; (5) restore her to the only lifetime home she has ever
3  known; (6) prohibit the SFHA from imposing a five-year wait period for new housing; and (7) have
4  the United States Marshals seize her records when they serve her summons and simultaneously
5  change her payee. *Id.* at 3:17-25, 4:23-5:19. Wong did not serve her Motion on any defendants as
6  she alleges they have all the documentary evidence relevant to this matter, and some of them will
7  destroy these documents in their possession, upon receipt of process of service. *Id.* at 4:23-5:8.

## LEGAL STANDARD

### I.   Preliminary Injunctions under Federal Rule of Civil Procedure 65

Federal Rule of Civil Procedure 65 permits the issuance of a preliminary injunction, the purpose of which is to preserve the relative positions of the parties until a trial on the merits can be conducted. *See E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir. 2006); *LGS Architects, Inc. v. Concordia Homes*, 434 F.3d 1150, 1158 (9th Cir. 2006). A party seeking a preliminary injunction must show either: (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. *Faith Ctr. Church Evangelistic Ministries v. Glover,* 462 F.3d 1194, 1201-02 (9th Cir. 2006). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *LGS Architects*, 434 F.3d at 1155; *see also Harper v. Poway Unified Sch. Dist.*, 445 F.3d 1166, 1174 (9th Cir. 2006) (the greater the relative hardship to the moving party, the less probability of success must be shown to support the grant of a preliminary injunction).

Under the sliding scale theory, a party seeking an injunction "need not demonstrate that he will succeed on the merits, but must at least show that his cause presents serious questions of law worthy of litigation." *Topanga Press, Inc. v. City of Los Angeles*, 989 F.2d 1524, 1528 (9th Cir. 1993), *cert. denied*, 511 U.S. 1030 (1994). Additionally, in cases where the public interest may be affected, the court must consider the public interest as a factor in balancing the hardships. *Harris v. Bd. of Supervisors*, 366 F.3d 754, 760 (9th Cir. 2004).

While a preliminary injunction will not be issued without security by the applicant under

Federal Rule of Civil Procedure 65(c), a district court has wide discretion in setting the amount of a bond, and the bond amount may be zero if there is no evidence the party will suffer damages from the injunction. *See Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003).

**II.    Preliminary Injunctions under Federal Rule of Civil Local Rule 65-1**

The Local Rules of the Northern District of California require certain documentation to support an *ex parte* motion for a temporary restraining order. Local Rule 65-1(a) requires that

> An *ex parte* motion for a temporary restraining order must be accompanied by:
>
> (1)   A copy of the complaint;
>
> (2)   A separate memorandum of points and authorities in support of the motion;
>
> (3)   The proposed temporary restraining order; and
>
> (4)   Such other documents in support of the motion which the party wishes the Court to consider.

**III.    Preliminary Injunction Notice**

In addition, "[u]nless relieved by order of a Judge for good cause shown, on or before the day of an *ex parte* motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party." N.D. Cal. Civ. R. 65-1(b). Federal Rule of Civil Procedure 65(b) further specifies the conditions for an *ex parte* temporary restraining order, stating:

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

**ANALYSIS**

**I.    Wong's first through fifth requests are denied as moot.**

Where the only violation before the court is in the past, injunctive relief will only be available where "there exists some cognizable danger of recurrent violation." *U.S. v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953).  Here, Wong's first through fifth requests are for a TRO to prevent her eviction, but she repeatedly states she has *already been evicted*.  Thus, the Court DENIES her first through fifth requests as moot.

**II.   Wong's first request is denied under *Younger v. Ohio*.**

The *Younger* doctrine espouses a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982); *see also Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984) ("Under Younger-abstention doctrine, interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests"); *Younger v. Harris*, 401 U.S. 37 (1971).  "[T]he driving principle behind *Younger* was that in matters of special concern to the states, federal courts should avoid depriving the state courts of the opportunity to adjudicate constitutional issues." *M&A Gabaee v. Community Redev. Agency of L.A.*, 419 F.3d 1036, 1040 (9th Cir. 2005); *see also Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004) (federal courts should "avoid unwarranted determinations of federal constitutional law").

"Absent 'extraordinary circumstances', abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Hirsh v. Justices of Supreme Ct. of Cal.*, 67 F.3d 708, 712 (9th Cir.1995) (per curiam); *see also Canatella v. California*, 404 F.3d 1106, 1109-10 (9th Cir. 2005); *San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998).

If the state court proceedings were undertaken in bad faith or for purposes of harassment, or if some other "extraordinary circumstances" exist, a district court need not abstain under *Younger*. *Younger*, 401 U.S. at 54; *Dubinka v. Judges of Super. Ct.*, 23 F.3d 218, 225 (9th Cir. 1994).  An

4

example of "extraordinary circumstances" is when the statute involved is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Younger*, 401 U.S. at 53-54. For the following three reasons, the Court abstains from granting Wong's first request, under *Younger*.

### A.   Ongoing State Proceedings

The dispositive issue as to whether there are ongoing state proceedings is whether the state proceedings were underway prior to initiation of the federal proceedings. *See Wiener v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994). Wong alleges she has already been evicted by an unlawful detainer action brought by the SFHA. Thus, state proceedings were underway before she filed this action. Further, state court proceedings "are deemed on-going for purposes of *Younger* abstention until state appellate review is completed." *Gilbertson v. Albright*, 381 F.3d 965, 969 n.4 (9th Cir. 2004). Thus, until Wong has exhausted her state rights of appeal, this Court should abstain from interfering in "ongoing state proceedings."

### B.   Important State Interests

"The importance of the interest is measured by considering its significance broadly, rather than focusing on the state's interest in the resolution of an individual case." *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 618 (9th Cir. 2003), *cert. denied*, 540 U.S. 1075 (2003). Here California has an important interest in protecting real property transfers and leasehold estates, which have historically and traditionally been the domain of the states, and not the federal government. Thus, the state interests here support the Court abstaining under *Younger*.

### C.   Adequate Opportunity to Raise Federal Claims

For *Younger* abstention to apply, a party "need be accorded only an opportunity to fairly pursue [its] constitutional claims in the ongoing state proceedings." *Juidice v. Vail*, 430 U.S. 327, 337 (1977). "*Younger* requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Communications Telesystems Int'l v. California Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999). The burden rests with the plaintiff to show that it is procedurally barred from raising its federal claims in the state court proceedings. *See Pennzoil*, 481 U.S. at 14.

1  Otherwise, there is a presumption that state courts provide an adequate forum for the adjudication of
2  federal claims. *Id*. at 15.  In this case, Wong has alleged violations of the Social Security Act
3  ("SSA") and 42 U.S.C. § 1983.  Mot. at 1.  (Her pleadings, however, do not support any claim under
4  § 1983.)  To the extent, she seeks immediate relief barring her eviction, predicated on the
5  *misdirection* of her Social Security payments, a federal forum will not provide her a better venue
6  than a state forum, in terms of fighting her eviction.   Thus, this *Younger* factor encourages the Court
7  to abstain from Wong's eviction action.

**III.    Wong's sixth request is denied as indirectly moot.**

To obtain a TRO, Wong must clear the Ninth Circuit's test which balances the degree of irreparable harm against the probability of success.  *LGS Architects*, 434 F.3d at 1155; *see also Harper*, 445 F.3d at 1174.  In her sixth request, Wong alleges that as she has been evicted, she must wait five years under SFHA regulations before re-applying for housing.  Mot. at 3:8-10.  The Court may not grant a TRO to invalidate the SFHA regulation, because it is merely triggered by Wong's eviction, which has already occurred, and for which the Court is unable to grant a TRO.  Thus, her sixth request is indirectly moot.

**IV.    Wong's seventh request is denied as premature and legally groundless.**

In her seventh request, Wong asks the Court to send Marshals to seize records when they serve her summons.  Wong's request for *In Forma Pauperis* status is pending [Docket No. 3], and thus the Court has not yet determined whether the Marshals will effect service for her.  Further, Wong has failed to provide the Court with any legal authority for her request.

**V.    Wong's requests are denied for inadequate service.**

Wong asks the Court to issue a TRO against defendants, without notice to them, on the grounds they will destroy evidence if they are tipped off to her action.  Wong, however, failed to verify her Motion or supply a declaration, as required by Rule 65(b)(1)(A), providing specific grounds as to why notice should be excused in this matter.  Further, bare naked allegations, even under oath, that defendants will destroy records to conceal their alleged illegal activities, when such records are most likely also held by the SSA, are poor support for the fairly extreme measure of issuing an order without notice to an affected party.  The Court thus denies Wong's request for a

TRO.

## CONCLUSION

The Court denies plaintiff Sophia Wong's First Ex-parte Motion for Immediate Sua Sponte Action from this Court: for the Court to Immediately (1) Stay Eviction Action, (2) Stay Sheriff's Eviction, and (3) Stay the San Francisco Housing Authority from Regaining Possession of Plaintiff's Lifelong Apartment, and (4) Stay the Defendants from Destroying the Life of Innocent Plaintiff Sophia Wong (the "Motion") [Docket No. 4].

IT IS SO ORDERED.

May 13, 2008

*Saundra B Armstrong*
Saundra Brown Armstrong
United States District Judge

1
2  UNITED STATES DISTRICT COURT
3  FOR THE
4  NORTHERN DISTRICT OF CALIFORNIA
5
6
7  WONG et al,                                                    Case Number: CV08-02432 SBA
8          Plaintiff,                                             **CERTIFICATE OF SERVICE**
9    v.
10 ASTRUE et al,
11         Defendant.
                                                       /
12
13 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.
14
That on May 14, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said
15 copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
16 located in the Clerk's office.
17
18
Sophia Wong
19 1230 Market Street, #731
San Francisco, CA 94102
20
Dated: May 13, 2008
21                                                     Richard W. Wieking, Clerk
                                                       By: LISA R CLARK, Deputy Clerk
22
23
24
25
26
27
28

8