**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

SOPHIA WONG,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration, *et al.*,

    Defendants.

No. C 08-02432 SBA

**ORDER**

[Docket No. 3]

# INTRODUCTION

Before the Court is plaintiff Sophia Wong's Application for Leave to Proceed *in Forma Pauperis* (the "Application") [Docket No. 3]. For the reasons discussed below, the Application is denied with 30 days leave to amend.

# BACKGROUND

On May 12, 2008, Wong filed a Complaint and the Application. *See* Docket Nos. 1, 3. Wong claims she is mentally disabled and receives Social Security disability benefits. Compl. at 8:2-5. She also claims her benefits go to a payee, whom she has named as a defendant, who did not pay her rent for 15 months, resulting in her eviction by her landlord, the San Francisco Housing Authority (the "SFHA"), in Superior Court case CUD-08-625494. *Id.* at 8:11-20, 9:17, 11:24-25. As a result, she alleges she is now homeless. *Id.* at 1:1, 10:3-6, 10:15-16.

# LEGAL STANDARD

**I.    Demonstrating *In Forma Pauperis* Status**

The benefit of proceeding *in forma pauperis* is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). As 28 U.S.C. § 1915(a)(1) states, in part:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that

///

includes a statement of all assets such person possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1).

A petitioner need not "be absolutely destitute to enjoy the benefit of this statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Jefferson v. U.S.*, 277 F.2d 723, 725 (9th Cir. 1960), *cert. denied*, 364 U.S. 896 (1960). An affidavit is sufficient if it states a person cannot pay or provide security for court costs and still provide himself or herself and any dependents with the necessities of life. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203 (1993) (citing *Adkins*, 335 U.S. at 339). The facts concerning the applicant's poverty must be stated with some "particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). The Court has the discretion to make a factual inquiry into a plaintiff's financial status and to deny their request to proceed in forma pauperis where they are unable or unwilling to verify their poverty. *Id.* If a court determines a plaintiff's allegation of poverty is untrue, it shall dismiss their case. 28 U.S.C. § 1915(e)(2).

## II.    Claims Review under 28 U.S.C. § 1915

Title 28 U.S.C. § 1915 also authorizes a district court to dismiss a claim filed *in forma pauperis* "at any time" if it determines: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). *Pro se* pleadings must be liberally construed. *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a complaint, however, a court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("conclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim"); *Sprewell v. Golden State Warriors*, 266 F.3d 1187 (9th Cir. 2001); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim"). Leave to amend is properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*,

957 F.2d 655, 659 (9th Cir. 1992). But if a plaintiff's complaint is found deficient and an amendment could possibly cure the deficiency, the complaint must be dismissed with leave to amend. *See Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

## I. The Application

The Court has reviewed Wong's Application and found it unsigned. *See* Application at 4. Further, it is incomplete. *See id.* And, it contains irrelevant argument. *See id.* The Court thus cannot determine whether Wong is able to pay the Court's filing fee and provide herself with the necessities of life.

## II. The Claims

As the Application is defective, the Court does not reach Wong's claims.

## CONCLUSION

The Court DENIES without prejudice plaintiff Sophia Wong's Application for Leave to Proceed *in Forma Pauperis* [Docket No. 3]. The Court also orders Wong to: (1) file an amended application within 30 days; or (2) pay the requisite filing fee within 30 days; or (3) be dismissed for failure to prosecute. The Court warns Wong, again, **if within 30 days she does not either file an amended application or pay the requisite filing fee, the Court will dismiss this matter without prejudice for failure to prosecute.**

IT IS SO ORDERED.

May 14, 2008

*Saundra B Armstrong*
Saundra Brown Armstrong
United States District Judge

1  UNITED STATES DISTRICT COURT

2  FOR THE

3  NORTHERN DISTRICT OF CALIFORNIA

6  WONG et al,                                              Case Number: CV08-02432 SBA

7          Plaintiff,                                       **CERTIFICATE OF SERVICE**

8    v.

9  ASTRUE et al,

10         Defendant.
                                                      /

12  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 14, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sophia  Wong
1230 Market Street, #731
San Francisco,  CA 94102

Dated: May 14, 2008

                                            Richard W. Wieking, Clerk
                                            By: LISA R CLARK, Deputy Clerk

4