**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

SOPHIA WONG,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration, *et al.*,

    Defendants.

No. C 08-02432 SBA

**ORDER**

[Docket No. 4]

## INTRODUCTION

Before the Court is plaintiff Sophia Wong's Ex-parte Motion for Court to Appoint a Civil Rights Attorney (the "Motion") [Docket No. 4]. For the reasons discussed below, the Motion is denied without prejudice.

## BACKGROUND

Wong claims she is mentally disabled and receives Social Security disability benefits. Compl. at 8:2-5. She also claims her benefits go to a payee, whom she has named as a defendant, who did not pay her rent for 15 months, resulting in her eviction by her landlord, the San Francisco Housing Authority (the "SFHA"), in Superior Court case CUD-08-625494. *Id.* at 8:11-20, 9:17, 11:24-25. As a result, she alleges she is now homeless. *Id.* at 1:1, 10:3-6, 10:15-16. On May 12, 2008, Wong filed, *inter alia*, a Complaint [Docket No. 1], an Application for Leave to Proceed *in Forma Pauperis* (the "Application") [Docket No. 3], and the Motion. *See* Docket Nos. 1, 3-4. The Court denied her Application on May 14, 2008. *See* Docket No. 8.

## LEGAL STANDARD

An indigent litigant who may lose his or her physical liberty, if they lose a litigation, has a right to the appointment of counsel. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Also, under 28 U.S.C. § 1915(e)(1), a district court has the discretion to appoint counsel to represent an "indigent civil litigant," but only under "exceptional circumstances." *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).

## ANALYSIS

Here, Wong does not face a loss of liberty, so *Lassiter* is inapplicable.  In addition, at this time, she has not yet demonstrated she is indigent.  *See* Docket No. 7.  Until she has made this showing, the Court may not entertain the appointment of counsel under 28 U.S.C. § 1915(e)(1).[1]  The Court thus DENIES her Motion without prejudice.

## CONCLUSION

The Court DENIES without prejudice plaintiff Sophia Wong's Ex-parte Motion for Court to Appoint a Civil Rights Attorney [Docket No. 4].

IT IS SO ORDERED.

May 15, 2008

_____
Saundra Brown Armstrong
United States District Judge

---

[1] In her Motion, Wong requested the Court appoint an attorney under 5 U.S.C. § 504 or § 554.  Mot. at 1, 13:4-8.  These sections address, respectively, costs and fees for prevailing parties in administrative proceedings, and certain procedural guidelines for certain types of administrative proceedings.  They have nothing to do with the appoint of counsel for indigent plaintiffs.  Plaintiff referred to these sections as part of the Equal Access to Justice Act.  Mot. at 1, 13:4-8.  This act did amend 5 U.S.C. § 504 and § 554, as well as 28 U.S.C. § 2412.  Pub. L. No. 96 - 481, tit. II, secs. 201-08, 94 Stat. 2321 (1980).  But, none of these sections provides for the appointment of counsel for an indigent party.

|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |
| 4 |   |
| 5 |   |
| 6 | WONG et al,                                           Case Number: CV08-02432 SBA |
| 7 |              Plaintiff,                              **CERTIFICATE OF SERVICE** |
| 8 |   v. |
| 9 | ASTRUE et al, |
| 10 |              Defendant.                        / |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 16, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sophia Wong
1230 Market Street, #731
San Francisco, CA 94102

Dated: May 16, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

3