1
2

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

3
4  SOPHIA WONG,                                    No. C 08-02432 SBA

5             Plaintiff,                           **ORDER**

6     v.                                           [Docket Entry of May 12, 2008]

7  MICHAEL J. ASTRUE, Commissioner
   of Social Security Administration, *et al.*,

8             Defendants.

9

10                        **INTRODUCTION**

11     Before the Court are documents presented for filing under seal. For the reasons discussed

12  below, the request is denied without prejudice.

13                         **BACKGROUND**

14     On May 12, 2008, Wong filed a Complaint. *See* Docket Nos. 1. Wong claims she is

15  mentally disabled and receives Social Security disability benefits. Compl. at 8:2-5. She also claims

16  her benefits go to a payee, whom she has named as a defendant, who did not pay her rent for 15

17  months, resulting in her eviction by her landlord, the San Francisco Housing Authority (the

18  "SFHA"), in Superior Court case CUD-08-625494. *Id.* at 8:11-20, 9:17, 11:24-25. As a result, she

19  alleges she is now homeless. *Id.* at 1:1, 10:3-6, 10:15-16. This same day, someone presented

20  documents for filing under seal in her matter.[1] *See* Docket Entry dated May 12, 2008.

21                        **LEGAL STANDARD**

22     The legal standard in this area is provided by *Kamakana v. City and County of Honolulu*, 447

23  F.3d 1172 (9th Cir. 2006) and Civil Local Rule 79-5. In *Kamakana*, the Ninth Circuit held it is a

24  general rule that documents filed with a court must be open to public inspection, so the people and

25  the media can monitor court activity. *Id.* at 1178. Nonetheless, a narrow range of documents have

26  traditionally been exempt from this rule for public policy reasons, such as grand jury transcripts and

27  ―――――――
28  [1]   Because nobody filed a motion to seal, the Court does not know who filed the documents for sealing.

1 warrant materials in the midst of a pre-indictment investigation. *Id.* Documents outside this narrow
2 traditional range, however, must overcome a strong presumption favoring public access. *Id.*
3 Documents like dispositive motions and their exhibits may overcome this presumption if a party
4 demonstrates a *compelling reason* for sealing them. *Id.* at 1179. For documents related to discovery
5 and attached to a non-dispositive motion, however, a party need only show *good cause* exists to seal,
6 which is the same standard for filing discovery documents under seal, under Federal Rule of Civil
7 Procedure 26(c). *Id.* at 1179-80.

In addition, Civil Local Rule 79-5(b) states:

> (b) Request to File Entire Document Under Seal. Counsel seeking to file an entire document under seal must:
>
> (1) File and serve an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7-11, accompanied by a declaration establishing that the entire document is sealable;
>
> (2) Lodge with the Clerk and serve a proposed order sealing the document;
>
> (3) Lodge with the Clerk and serve the entire document, contained in an 8 ½- inch by 11-inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out the information required by Civil L.R. 3-4(a) and (b) and prominently displaying the notation: "DOCUMENT SUBMITTED UNDER SEAL";
>
> (4) Lodge with the Clerk for delivery to the Judge's chambers a second copy of the entire document, in an identical labeled envelope or container.

N.D. Cal. Civ. L.R. 79-5(b).

## ANALYSIS

Here, the person filing the documents failed to provide any basis for sealing them under either Rule 26's good cause standard or the compelling standard discussed in *Kamakana*. Further, the person made no effort to comply with Local Rule 79-5(b), including the requirement that they

///

1 provide a declaration as to why the documents proffered should be filed under seal. As such, the
2 documents will not be filed under seal.

### CONCLUSION

The Court denies without prejudice the request to file the documents presented on May 12, 2008 for filing under seal.

IT IS SO ORDERED.

May 20, 2008

_____
Saundra Brown Armstrong
United States District Judge

1
2  UNITED STATES DISTRICT COURT
3  FOR THE
4  NORTHERN DISTRICT OF CALIFORNIA
5
6
7  WONG et al,                                   Case Number: CV08-02432 SBA
8          Plaintiff,                            **CERTIFICATE OF SERVICE**
9     v.
10 ASTRUE et al,
11         Defendant.                           /
12
13 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 20, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sophia Wong
1230 Market Street, #731
San Francisco, CA 94102

Dated: May 20, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk