**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

SOPHIA WONG,

        Plaintiff,

  v.

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration, *et al.*,

        Defendants.

No. C 08-02432 SBA

**ORDER**

[Docket Nos. 3, 4, 12]

**INTRODUCTION**

Before the Court is plaintiff Sophia Wong's Fourth Ex Parte Motion:  Motion for Reconsideration:  of Both Orders Doc #3 and #4 (the "Motion") [Docket No. 12].  For the reasons discussed below, the Motion is GRANTED in part and DENIED in part.  Specifically, the Court will reconsider its denial of her Application for Leave to Proceed *in Forma Pauperis* (the "IFP Application") [Docket No. 3], and the Court will GRANT it.  In addition, the Court will reconsider its denial of her ex parte application for the appointment of an attorney (the "Attorney Application") [Docket No. 4], but the Court will DENY it.  Lastly, the Court declines to reconsider its denial of her ex parte application for a temporary restraining order (the "TRO Application") [Docket No. 4].

**BACKGROUND**

On May 12, 2008, Wong filed a Complaint, pro se.  *See* Docket No. 1 at 1.  In it, Wong alleges she is severely mentally disabled and receives Supplemental Security Income ("SSI") disability benefits.   Compl. at 8:2-5.  Wong alleges her benefits go to a payee, a defendant, who allegedly did not pay her rent for 15 months, resulting in her eviction by the San Francisco Housing Authority (the "SFHA"), in Superior Court case CUD-08-625494. *Id.* at 8:11-20, 9:17, 11:24-25.  As a result, Wong alleges she became homeless. *Id.* at 1:1, 10:3-6, 10:15-16.  Wong also alleges the payee was able to misappropriate her benefits due to defendant Social Security Administration's negligent failure to supervise the payee. *Id.* at 9:20-10:14.

*///*

1        The same day she filed her Complaint, Wong filed her IFP Application, *see* Docket No. 3

2   at 1, her Attorney Application, *see* Docket No. 4 at 1, and her TRO Application, *see id.*  Turning

3   first to the TRO Application, in it, Wong requests the Court (1) overturn the Superior Court

4   judgment; (2) stay the Sheriffs' eviction; (3) stay the granted possession; (4) stay the SFHA from

5   regaining possession of her apartment; (5) restore her to the only lifetime home she has ever known;

6   (6) prohibit the SFHA from imposing a five-year wait period for new housing; and (7) have the

7   United States Marshals seize records from her payee when they serve her summons, and

8   simultaneously change her payee.  *See* Docket No. 4 at 1, 3:17-25, 4:23-5:19.

9        On May 13, 2008, the Court denied the TRO Application.  *See* Docket No. 7 at 7.  It denied

10   Wong's first through fifth requests as moot, as she had already been evicted.  *See id.* at 4:2-7.  It also

11   abstained from considering the first request, under *Younger v. Harris*, 401 U.S. 37 (1971).  *See*

12   Docket No. 7 at 4:8-6:7.  It then denied the sixth request as moot, as the waiting period had been

13   triggered by her eviction, which occurred before she filed her application.  *Id.* at 6:8-15.  And, it

14   denied her seventh request as she failed to cite any supporting legal authority, and as it was

15   premature, as no service would issue until the Court had addressed her IFP Application, which it had

16   not.  *Id.* at 6:16-20.  Further, the Court denied all her requests, because she failed to provide a

17   declaration under Federal Rule of Civil Procedure 65(b), justifying an ex parte TRO.  *Id.* at 6:21-7:1.

18        The next day, on May 14, 2008, the Court denied without prejudice the IFP Application as it

19   was unsigned and incomplete.  *See* Docket No. 8.  The Court, however, gave Wong 30 days to file

20   an amended IFP application, or have her Complaint dismissed without prejudice.  *See id.* at 3:12-17.

21   On May 16, 2008, the Court denied Wong's Attorney Application, because she had not yet

22   demonstrated she qualified for IFP status.  Docket No. 9 at 2.  In turn, on June 16, 2008, Wong filed

23   her Motion requesting the Court reconsider its denials of her TRO Application, her IFP Application,

24   and her Attorney Application.

25                                     **LEGAL STANDARD**

26        Federal Rule of Civil Procedure 54(b) provides:

27        any order or other decision, however designated, that adjudicates fewer than all the

28        claims or the rights and liabilities of fewer than all the parties does not end the action

as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

In turn, Civil Local Rule 7-9 provides, regarding motions for reconsideration:

(a) Leave of Court Requirement.  Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9(b).  No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

(b) Form and Content of Motion for Leave.  A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9.  The moving party must specifically show:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

(c) Prohibition Against Repetition of Argument.  No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party

///

1  ///

2  now seeks to have reconsidered.  Any party who violates this restriction shall be

3  subject to appropriate sanctions.

4  N.D. Cal. Civ. L.R. 7-1(a)-(c).

5  **ANALYSIS**

6  **I.      Leave of Court under Civil Local Rule 7-1(a)**

7  Wong has not requested the Court's leave to file the Motion, as required by Civil Local

8  Rule 7-1(a).  Nonetheless, if she had, given the lack of any adversary at this matter's early stage, and

9  the Court's disposition of her Motion, the Court would have granted her request.  Thus, for

10  expediency, the Court will address her Motion as if she had been granted leave to file it, under Local

11  Rule 7-1(a).  Wong should note, however, pro se parties are expected to familiarize themselves with

12  the Federal Rules of Civil Procedure, the Northern District Local Civil Rules, and this Court's

13  standing orders.  The local rules and standing orders are available at the Clerk's office in each

14  federal court, and on the Court's web site, www.cand.uscourts.gov.  The web site and Clerk's offices

15  also have copies of the *Pro Se Handbook*, available to the public at no charge.

16  **II.     Reconsideration under Civil Local Rule 7-1(b)**

17  For the following reasons the Court will reconsider its denial of the IFP Application and the

18  Attorney Application, but not the TRO Application.[1]

19  **A.      The Court will reconsider its denial of the IFP Application.**

20  Wong argues the Court incorrectly denied her IFP Application as unsigned and incomplete,

21  because her signature and her response to item 10 of the application were merely covered by an

22  approximately 8-inch by 4-inch piece of paper, containing argument, which was stapled and taped

23  over the signature block and item 10.  Mot. at 2-4.  Thus, she argues, had the Court merely looked

24  under this piece of paper, it would have seen her signature and response to item 10.  *Id.*

25  Wong is correct in part and incorrect in part.  Wong is correct, and the Court has confirmed

26

27  _____

28  [1]      Although the Court gave Wong 30 days to respond to its Order, her Motion was timely at 34 days, as she received 3 additional days due to mail service of the Order, Fed. R. Civ. P. 6(d), and an additional day, as the 33d day after entry was a Sunday, *id.* 6(a)(3).

4

by resort to the original documents contained in the physical Court file, that under the large piece of paper stapled and taped to the last page of the IFP Application, there is a signature and a response to item 10. Wong is incorrect, however, in arguing the Court erred by failing to look under this piece of paper. In the 21st century, the Clerk of the Court scans filings into .pdf format, and the Court reviews them on-line. Because Wong failed to comply with Civil Local Rule 5-1(b), and provide an extra copy of her pleadings for chambers, her original remained in a case file held by the Clerk of the Court. When the Clerk scanned in the IFP Application, the resulting image showed argument text covering the application's signature block and item 10. The error here is charged to Wong, and not to the Clerk or the Court. As such, **Wong is ORDERED not to file any documents with pages or attachments smaller than 11 inches by 8.5 inches, without leave of Court.** Nonetheless, because the Court was unaware of facts which were available at the time of the IFP Application, the Court GRANTS Wong's Motion to reconsider its denial of her IFP Application.

### 1. The Court GRANTS Wong's IFP Application.

#### a. Legal Standard

##### i. Demonstrating *In Forma Pauperis* Status

The benefit of proceeding *in forma pauperis* is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). As 28 U.S.C. § 1915(a)(1) states, in part:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such person possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1).

A petitioner need not "be absolutely destitute to enjoy the benefit of this statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Jefferson v. U.S.*, 277 F.2d 723, 725 (9th Cir. 1960), *cert. denied*, 364 U.S. 896 (1960). An affidavit is sufficient if it states a person cannot pay or provide security for court costs and still provide himself or herself and any dependents with the necessities of life. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203 (1993) (citing *Adkins*, 335

U.S. at 339).  The facts concerning the applicant's poverty must be stated with some "particularity, definiteness and certainty."  *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).  The Court has the discretion to make a factual inquiry into a plaintiff's financial status and to deny their request to proceed in forma pauperis where they are unable or unwilling to verify their poverty.  *Id.*  If a court determines a plaintiff's allegation of poverty is untrue, it shall dismiss their case.  28 U.S.C. § 1915(e)(2).

### ii.    Claims Review under 28 U.S.C. § 1915

Title 28 U.S.C. § 1915 also authorizes a district court to dismiss a claim filed *in forma pauperis* "at any time" if it determines:  (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  *Pro se* pleadings must be liberally construed.  *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a complaint, however, a court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  *See W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("conclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim"); *Sprewell v. Golden State Warriors*, 266 F.3d 1187 (9th Cir. 2001); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim").  Leave to amend is properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 659 (9th Cir. 1992).   But if a plaintiff's complaint is found deficient and an amendment could possibly cure the deficiency, the complaint must be dismissed with leave to amend.  *See Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

### b.    Analysis

Turning first to whether Wong has pled claims for relief, the Court has reviewed Wong's Complaint and finds she has pled a violation of 42 U.S.C. § 1383(a)(1)(A)(iv) against her payee for misuse of benefits, and she has pled a violation of 42 U.S.C. § 1383 (a)(1)(C), and (a)(1)(C)(E) against the Social Security Administration for negligent failure to monitor a payee.  Turning to her

application itself, the Court finds Wong's only source of income is her SSI benefits, which are routed to defendant payee, and thus allegedly not being used to benefit Wong. Further, she has no significant assets, and is apparently homeless. She thus cannot pay or provide security for court costs and still provide herself with the necessities of life. The Court thus GRANTS her IFP Application.

**B.      The Court will reconsider its denial of the Attorney Application.**

The Court previously denied Wong's Attorney Application as premature, as she had not yet demonstrated her IFP status, which is a prerequisite to requesting an attorney under 28 U.S.C. § 1915(e)(1). At the time of denial, however, the Court was unaware of the information hidden under the paper stapled to her IFP Application, which prevented the Court from processing it. *See supra* discussion in part II.A. Had the Court been aware of this information, it would have granted the IFP Application, which it has in this Order. *See supra* part II.A.1.b. The Court will thus reconsider its denial of Wong's Attorney Application.

**1.      The Court DENIES Wong's Attorney Application.**

An indigent litigant who may lose his or her physical liberty, if they lose a litigation, has a right to the appointment of counsel. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Also, under 28 U.S.C. § 1915(e)(1), a district court has the discretion to appoint counsel to represent an "indigent civil litigant," but only under "exceptional circumstances." *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). The Court will not consider appointment, however, unless a pro per litigant, proceeding IFP, has failed in their reasonable efforts to retain private counsel, including but not limited to contacting a California State Bar-approved lawyer referral service. Guidelines for Fed. Pro Bono Project of N.D. Cal. ¶ 1. Here, Wong does not face a loss of liberty, so *Lassiter* is inapplicable. While she is pro per and proceeding in forma pauperis, she has not filed a declaration, in compliance with 28 U.S.C. § 1746, documenting her efforts to retain an attorney and why they refused to take her case. Thus, the Court DENIES without prejudice her Attorney Application. She may make this request at a later time, after she has documented how she failed in her reasonable efforts to retain private counsel.

///

7

1  ///

2  **C.    The Court declines to reconsider its denial of the TRO Application.**

3       Wong advances three arguments in support of the Court reconsidering its denial of the TRO

4  Application, but none is persuasive.  First, she argues she cannot use a state court to seize files held

5  by agents of the United States government.  Mot. at 4-5.  She also argues defendants 2 through 30

6  are such agents.   Second, she argues her payee either keeps no records or creates its own records,

7  and thus, the Court must send the United States Marshall to seize these records, or the payee will

8  destroy them when they realize Wong has sued them.  *Id.* at 5.  Third, she argues a federal court is

9  the only venue where she may raise whistle blower claims.  *Id.* at 5-6.

10      With regards to the first argument, Wong fails to explain how agents of "Conard House, Inc.,

11 SSA affiliate member of representative payment program," are federal agents, somehow immune

12 from Superior Court action.  Importantly, she also fails to explain why she failed to raise this

13 argument in her TRO Application.  Thus, her first argument does not constitute newly discovered

14 facts supporting the Court's reconsideration of its denial of her application.

15      With regards to her second argument, to the extent Wong claims her payee keeps no records,

16 there is no need to seize them.  To the extent she claims her payee creates his or her own records

17 which the Court must seize to prevent the payee from destroying them, Wong merely repeats an

18 argument raised in her TRO Application and addressed by this Court's May 13, 2008 Order denying

19 it.  As Civil Local Rule 7-1(c) counsels, a party moving for reconsideration may not repeat an

20 argument made in their previously considered papers.  Wong's second argument does not constitute

21 newly discovered facts.

22      Turning to her third argument, Wong provides no legal analysis, nor does she explain why

23 she did not raise it in her TRO Application.  Her third argument does not constitute newly developed

24 law supporting the Court reconsidering its denial of her application.  Thus, as none of her three

25 arguments support reconsideration, the Court DENIES Wong's Motion to reconsider its denial of

26 her TRO Application.

27 ///

28 ///

1    ///

2    **III.    Miscellaneous Issues**

3         Wong raises three miscellaneous issues in her Motion.  First, stapled to the first page of her

4    Motion,[2] Wong claims the Court read materials submitted for filing under seal, and thus must know

5    she has no identification, and thus cannot "*verify any complaint!*"  Mot. at i.  The Court notes it

6    appears an unknown individual attempted to file certain materials under seal, but failed to comply

7    with Civil Local Rule 79-5(b), and thus the materials were rejected by the Court.  *See* Docket No.

8    11.  As for the comments regarding verification, Wong fails to explain how this relates to her

9    Motion.  *See id.*

10        Second, Wong indicates she would like to change her payee.  Mot. at 2.  Wong may wish to

11   direct this request to the Social Security Administration.

12        Third, Wong claims the Court has not acted on her Attorney Application.  Mot. at 8.  Wong

13   is incorrect.  The Court denied this application, on May 20, 2008.  *See* Docket No. 9.  In part II.B.1

14   *supra*, the Court reconsiders its denial but again denies this application.

15                                    **CONCLUSION**

16        Accordingly, the Court GRANTS in part and DENIES in part plaintiff Sophia Wong's

17   Fourth Ex Parte Motion:  Motion for Reconsideration:  of Both Orders Doc #3 and #4 [Docket No.

18   12].  Specifically, the Court reconsiders its denial of her Application for Leave to Proceed *in Forma*

19   *Pauperis* [Docket No. 3], and the Court GRANTS it.  In addition, the Court reconsiders its denial of

20   her ex parte application for the appointment of an attorney [Docket No. 4], but DENIES it without

21   prejudice.  Lastly, the Court declines to reconsider its denial of her an ex parte application for a

22   temporary restraining order [Docket No. 4].

23        Further, the Court ORDERS Wong not to file any documents with pages or attachments

24   smaller than 11 inches by 8.5 inches, without leave of Court.

25   ///

26   _____

27   [2]      Again, Wong is ordered to stop doing this.  Despite the Clerk's best efforts, this material was
     scanned into the Electronic Case Management system ("ECM"), but not in the physical order in
28   which Wong filed her papers.  It thus now appears as the third "page" of her Motion in the ECM
     system.  The Court notes Wong may freely access this system without cost at any Clerk's office.

1  ///

2        Lastly, the Court ORDERS the U.S. Marshal for the Northern District of California serve,

3  without prepayment of fees, a copy of the complaint, any amendments, scheduling orders,

4  attachments, plaintiff's affidavit, and this Order upon all defendants.

5

6        IT IS SO ORDERED.

7

8        July 9, 2008                              Saundra B Armstrong

9                                        Saundra Brown Armstrong
                                      United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3   UNITED STATES DISTRICT COURT
    FOR THE
4   NORTHERN DISTRICT OF CALIFORNIA

5   WONG et al,
                                           Case Number: CV08-02432 SBA
6               Plaintiff,
                                           **CERTIFICATE OF SERVICE**
7      v.

8   ASTRUE et al,

9               Defendant.
    _____/

10

11  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
    Court, Northern District of California.
12
    That on July 10, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said
13  copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
    envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
14  located in the Clerk's office.

15

16
    Sophia  Wong
17  1230 Market Street, #731
    San Francisco,  CA 94102
18
    Dated: July 10, 2008
19
                                           Richard W. Wieking, Clerk
20                                         By: LISA R CLARK, Deputy Clerk

21

22

23

24

25

26

27

28

11