DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Attorney
MEGHAN K. HIGGINS, State Bar #235685
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3896
Facsimile:     (415) 554-3837
E-Mail:        meghan.higgins@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sophia Wong,<br><br>　　　　　Plaintiff,<br><br>　　　　　vs.<br><br>*(NOTATION: DEFENDANTS #3 thru #30 inclusive are all sued in both their private individual capacities and in their official public capacities and additionally they are all sued as duly authorized agents of Defendant Number 1.) Michael J. Astrue.)*<br>1.) Michael J. Astrue, Commissioner, of Social Security Administration, (hereinafter "SSA") In car of: The United States Attorney's offices, Social Security Fraud Division, 450 Golden Gate, San Francisco, California 94102; AND Office of the Attorney General – Attention Social Security Disputes/Payee Fraud Division, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, District of Columbia 20530-0001; 2.) Conard House, Inc., SSA affiliate member of representative payment program, main offices: 1385 Mission Street, Suite 200, San Francisco, California 94103; known named Defendants listed below:<br>3.) Richard Heasley, address above in #2;<br>4.) Mark L. Bennett, address above in # 2;<br>5.) Seth Katzmann, address above in #2;<br>6.) Carol Kassler, address above in #2; | Case No. CV08-2432 SBA<br><br>**DEFENDANT CITY'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date:　　October 7, 2008<br>Time:　　　　　 1:00 p.m.<br>Place:　　　　　 Courtroom 3<br>　　　　　　　　 3rd Floor<br><br>Trial Date:　　　 Not Set |

CCSF's Motion to Dismiss or For More Definite Statement
CASE NO. CV08-2432 SBA
　　　　　1　　　　　n:\lit\li2008\090164\00505235.doc

1  7.) Carol Vullmahn, address above in # 2;
2  8.) Supervisor of Conard House, Inc., at branch office location at 160 Ninth Street Offices, San Francisco, California 94103, a male whose name is unknown;
3  9.) Robert, a male Employee at 160 Ninth Street Office;
4  10.-30).) Does, named, unknown persons employed at various Conard House, Inc. locations;
5  31.) Mirian Saez, Interim Director, San Francisco Housing Authority, (hereinafter PHA – abbreviation for Public Housing Authority) 440 Turk Street, San Francisco, California 94102;
7  32.) Director, The South of Market Mental Health Clinic, 650 Harrison Street, San Francisco, California 94107
9  33.) Director, The Adult Protective Services of the City and County of San Francisco, 875 Stevenson St., 3rd Floor, San Francisco, California 94102;
10  34.-50.) DOE(S) defendants, name, unknown persons, of as yet, unknown connection to this case.

Defendants, Et Al. *All rights reserved to add additional Plaintiffs and additional Defendants!!*

TO PLAINTIFF SOPHIA WONG (IN PRO PER):

TAKE NOTICE THAT on Tuesday, October 7, 2008 at 1:00 p.m. in Courtroom 3, 3rd Floor, at 1301 Clay Street, Oakland, California, defendant City and County of San Francisco ("City") (erroneously named as Director, The Adult Protective Services of the City and County of San Francisco) will and hereby does move to dismiss Plaintiff's claims against it for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In the alternative, the City will and hereby does move for a more definite statement of the pleadings under Fed. R. Civ. P. 12(e).

The City is entitled to dismissal of Plaintiff's claims against it because Plaintiff fails to identify any legal theory for the claims against the City and fails to plead an adequate factual basis for any claims against the City.

This motion is based upon this notice, the attached memorandum of points and authorities, the court file for this matter, and any argument that may be heard.

CCSF's Motion to Dismiss or For More Definite Statement
CASE NO. CV08-2432 SBA

2

n:\lit\li2008\090164\00505235.doc

# MEMORANDUM OF POINTS & AUTHORITIES

## I.  STATEMENT OF FACTS

Pro-per plaintiff Sophia Wong brought this "Complaint for a Cause of Action by this Court and Application for Temporary Restraining Order and Motion for a Hearing on Preliminary Injunction," against a laundry list of defendants that includes this Defendant, the City and County of San Francisco ("City").  Plaintiff's Complaint alleges that she is a mentally disabled individual entitled to representative payee services to assist her with fiscal management, including payment of her bills and rent. *See* Complaint at 3.  Plaintiff contends that her representative payee failed to pay her rent, resulting in her eviction from her apartment by the San Francisco Housing Authority (which is a distinct entity from this Defendant). *Id*.  Plaintiff identifies the "payee defendants" as those listed as numbers 2 through 30 on her complaint. *Id*. at 8.  Plaintiff requests a variety of relief, including that the Court conduct its own sue [sic] sponte investigation; an order requiring defendants to produce any documents related to Plaintiff; a Court Order staying her eviction and overturning the judgment permitting that eviction in the San Francisco Superior Court; a Court Order staying the San Francisco Housing Authority from regaining possession of her apartment; reinstatement of her apartment or a better apartment; and a change of her representative payee.

In Section VII of her Complaint, titled "Brief Discussion of Ancillary Defendants," Plaintiff acknowledges that the actions of the City are "unknown and reserved to be named if this Complaint needs to be amended." *See* Complaint at 6.  Plaintiff alleges that the City has "clearly contributed to the Plaintiff's loss of her home through their slow action, while their abysmal lack of efforts needs to be addressed." *Id*.  Plaintiff appears to have added the City as a Defendant despite not knowing of any direct involvement or wrongdoing by the City or any of its employees in this series of events.  Plaintiff acknowledges that she "does not believe that [the City] willfully conspired to evict Plaintiff from her home or defraud her from her home through the non-payment of her rent; however these two defendants DID commit serious actions of failure to protect Plaintiff." *Id*.  Plaintiff also states that "likely the Court could address those issues later in this case there is no urgency of addressing the harms these Defendants [] commit." *Id*.

## II. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM AGAINST THE CITY.
### A. Legal Standard for Motion to Dismiss under F.R.C.P. 12(b)(6).

For the purposes of this motion to dismiss, defendant accepts the material allegations in the complaint as true and construes the allegations in the light most favorable to plaintiff. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). This Court, however, "is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged." *Hisamatsu v. Niroula*, 2008 U.S. Dist. LEXIS 9194, *10 (N.D. Cal. Jan. 10, 2008) (citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)).

In reviewing a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court may grant dismissal for failure to state a claim "if it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957)). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff need not set out in detail the facts upon which he bases his claim. However, a plaintiff must "set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery." *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985). Although complaints are to be liberally construed in the plaintiff's favor, conclusory allegations of law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id.*; *see also Transphase Systems, Inc. v. Southern Calif. Edison Co.,* 839 F.Supp. 711, 718 (C.D. Cal. 1993).

Here, dismissal is proper because plaintiff has failed to allege sufficient facts under a cognizable legal theory and also failed to allege sufficient facts to support a cognizable legal claim. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc*., 88 F.3d 780, 782 (9th Cir. 1996); *Balistreri*, 901 F.2d at 699; *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

### B. Plaintiff Fails to Allege a Cause of Action against the City under Section 1983 or any other Legal Theory.

Because Plaintiff's complaint refers to Section 1983 as the basis for the Court's jurisdiction, and also alleges that the payee defendants were acting "under color of law," the City interprets Plaintiff's complaint to attempt to allege a cause of action under 42 U.S.C. § 1983. To assert a Section 1983 claim, a plaintiff must show: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right." *Balistreri*, 901 F.2d at 699. The Supreme Court has stated that "[t]he first inquiry in any 1983 suit is to isolate the precise constitutional violation with which the defendant is charged." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 140 (1979) (internal quotations omitted).

Here, Plaintiff does not allege that the City violated any of her constitutional rights. Moreover, in all section 1983 claims against a municipality, a plaintiff must show "that the municipal action was taken with the requisite degree of culpability and must demonstrate a causal link between the municipal action and the deprivation of federal rights." *Board of the County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 407 (1997). This showing requires plaintiff to demonstrate that an act of the municipality itself, taken with "deliberate indifference as to its known or obvious consequences," led the employee to deprive the plaintiff of his federal rights. *Id.* at 409. Municipal liability under section 1983 based on an allegedly unlawful custom or practice may not be shown through evidence of "isolated or sporadic events." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Because Plaintiff has not named an individual employee of the City as a defendant, she is also required to identify a policy or practice of the City which caused her harm. Plaintiff has failed to do so. Instead, Plaintiff herself acknowledges that is not aware of any wrongdoing on the part of the City and that the Court may not need to address her allegations against the City until it evaluates her other claims. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("Conclusory allegations of law and unwarranted inferences are insufficient to

CCSF's Motion to Dismiss or For More Definite Statement
CASE NO. CV08-2432 SBA
5
n:\lit\li2008\090164\00505235.doc

1  defeat a motion to dismiss for failure to state a claim."); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.
2  1992) ( quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

3      Here, Plaintiff fails to identify any constitutional right that has been violated.  She also fails to
4  identify any action on the part of the City that caused a constitutional violation.  It is impossible to
5  tell from the Complaint whether Plaintiff is alleging is some other basis for a cause of action against
6  the City.  The City is accordingly unable to identify Plaintiff's legal theory and Plaintiff's complaint
7  should be dismissed.

8      **C.    Plaintiff Fails to Allege a Factual Basis for Her Claim Against the City.**

9      Plaintiff's complaint against the City also fails because plaintiff alleges no factual basis of any
10 kind supporting a claim against the City.  Plaintiff's only allegation against the City is that they
11 "commit[ed] serious actions of failure to protect Plaintiff."  Complaint at 6.  Plaintiff does not identify
12 any specific action or inaction taken by any of the City's employees.  Plaintiff also does not identify
13 in what way the City was responsible for protecting her or how the City failed to do so. In short,
14 plaintiff's complaint fails to set forth even a short, plain statement of facts supporting a potential
15 cause of action and thus should be dismissed. *See SmileCare Dental Group,* 88 F.3d at 782;
16 *Balistreri*, 901 F.2d at 699.

17 **III.    IN THE ALTERNATIVE, PURSUANT TO FED. RULE OF CIV. PROC. 12(B)(E),
18 THE COURT SHOULD REQUIRE PLAINTIFF TO PROVIDE A MORE DEFINITE STATEMENT**

19     Federal Rule of Civil Procedure 12(e) authorizes the court to order the plaintiff to amend her
20 complaint to provide a more definite statement if, as drafted, the complaint is "so vague and
21 ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Fed. Rule
22 Civ. Proc. 12(e); *see Sagan v. Apple Computer, Inc*., 874 F.Supp. 1072, 1077 (C.D. Cal. 1994).  Rule
23 8 requires that the plaintiff's complaint give the defendant "fair notice of what the plaintiff's claim is
24 and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and*
25 *Coordination Unit*, 507 U.S. 163, 168 (1993) (quotation omitted)."

26     As discussed above, it is not at all clear from the face of plaintiff's complaint exactly what
27 causes of action plaintiff is bringing against the City, and what facts support those causes of action.

28

CCSF's Motion to Dismiss or For More Definite Statement
CASE NO.  CV08-2432 SBA
6
n:\lit\li2008\090164\00505235.doc

In view of this, it may be appropriate to require plaintiff to file a more definite statement in compliance with Federal Rule of Civil Procedure 12(e), which provides for a plaintiff to provide a more definite statement where the pleading is "so vague and ambiguous a responsive pleading cannot be framed."

The City cannot determine what legal claims Plaintiff is asserting against it and therefore cannot respond by raising applicable immunities and defenses. Plaintiff's complaint does not allege how or when her constitutional rights were violated by the City. The City cannot reasonably be required to frame a responsive pleading to these types of legally and factually incoherent allegations. *Cf. Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999). Plaintiff's complaint does not provide sufficient facts or *any* legal theories that would inform the City of the nature of his claims. *See Harvey v. City of Oakland,* 2007 U.S. Dist. LEXIS 81290, *24 (N.D. Cal. Oct. 15, 2007). Without a more definite statement, the City simply cannot prepare a response to the Complaint. *See Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999).

The City cannot respond to the complaint unless and until the complaint specifies which causes of action plaintiff intends to asserts against it and the factual basis for such causes of action. Plaintiff should be required to state how and when her constitutional rights were violated and by whom. Plaintiff should also identify a policy or practice by the City that resulted in this violation.

## IV.   CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court dismiss plaintiff's complaint for failure to state a claim, or, in the alternative, require plaintiff to provide a more definite statement of her pleading.

CCSF's Motion to Dismiss or For More Definite Statement
CASE NO. CV08-2432 SBA
7
n:\lit\li2008\090164\00505235.doc

Dated: August 25, 2008

         DENNIS J. HERRERA
         City Attorney
         JOANNE HOEPER
         Chief Trial Attorney
         MEGHAN K. HIGGINS
         Deputy City Attorney

       By: /s/
         MEGHAN K. HIGGINS

         Attorneys for Defendant
         CITY AND COUNTY OF SAN FRANCISCO