1  **DANA DUMAS SANKARY - State Bar No. 118859**
   **Attorney at Law**
2  **320 Village Square**
   **Orinda, CA  94563**
3  **Telephone:     (925) 253-4762**
   **Facsimile:      (925) 253-0426**
4  **Email:            dsankary@comcast.net**

5  Attorney for Defendants
   CONARD HOUSE, INC., RICHARD HEASLEY,
6  MARK L. BENNETT, SETH KATZMAN,
   CAROL KOSSLER and CAROL VULLMAHN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA WONG, | Case No: CV 08-2432 SBA |
| Plaintiff, | |
| v. | **ANSWER OF DEFENDANTS CONARD HOUSE, INC.,  RICHARD HEASLEY, MARK L. BENNETT, SETH KATZMAN, CAROL KOSSLER and CAROL VULLMAHN** |
| MICHAEL J. ASTRUE, Commissioner, of Social Security Administration, *et al.*, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

COME NOW defendants CONARD HOUSE, INC. (hereinafter "CHI"), RICHARD HEASLEY (hereinafter "HEASLEY"), MARK L. BENNETT (hereinafter "BENNETT"), SETH KATZMAN, erroneously sued herein as SETH KATZMANN (hereinafter "KATZMAN"), CAROL KOSSLER erroneously sued herein as CAROL KASSLER (hereinafter "KOSSLER"), and CAROL VULLMAHN (hereinafter "VULLMAHN") (hereinafter collectively "defendants") and in answer to plaintiff's complaint filed herein on May 12, 2008, (hereinafter "complaint"), served on these answering defendants on August 12, 2008, and admit, deny, and allege as follows:

**ADMISSIONS AND DENIALS**

1. Answering the paragraph on page one of the complaint appearing under the heading

1  "**Venue,**" defendants deny any and all material allegations contained therein, including any
2  allegation that they, or any of them, have committed any crimes against plaintiff or breached any
3  statutory or other duty to plaintiff in San Francisco, California, or any other venue, including but not
4  limited to any duties allegedly owed pursuant to 42 U.S.C. sections 1983, 1985, 1986, or the other
5  authorities cited in plaintiff's complaint..

6  2. Answering the paragraph on page 2 of the complaint appearing under the heading
7  "**Extremely TRUNCATED COMPLAINT,**" defendants admit that the complaint, application for
8  TRO, and Motion for Hearing on Preliminary Injunction are extremely incomplete and woefully
9  inadequate, and deny any and all other material allegations contained in that paragraph. The
10 allegations defendants specifically deny include but are not limited to that plaintiff has experienced
11 any rank or other injustice or Civil Rights abuse as a result of any conduct, act, or omission by
12 defendants and that plaintiff has incurred any damages, costs or expenses of any nature or amount
13 caused by defendants.

14 3. Answering paragraph I of the complaint, defendants admit that plaintiff is a recipient of
15 Supplemental Security [SSI] Social Security Disability Payments, and are without knowledge or
16 information sufficient to form a belief as to the truth of the allegation that plaintiff is innocent, and
17 on that basis denies it.

18 4. Answering paragraph II of the complaint, defendants admit that plaintiff's Social Security
19 payments are handled through the Social Security representative payment system pursuant to 20 CFR
20 416.601 through 416.665 inclusive, that a representative payee has been established for plaintiff in
21 accordance with the system, and that the representative payee has the responsibilities specifically set
22 forth in those regulations, but deny that a representative payee owes any duties alleged in addition
23 to those provided by statute and regulation. Defendants deny that individual defendants HEASLEY,
24 BENNETT, KATZMAN, KOSSLER and VULLMAHN are plaintiff's representative or other payee
25 and that they owe any duties to plaintiff pursuant to contract, statute, regulation, or other basis or
26 authority. Except as expressly admitted, defendants deny the remainder of any and all material
27 allegations contained in paragraph II on the basis that they are without knowledge or information
28 sufficient to form a belief as to the truth of the allegations.

5. Answering paragraph III of the complaint, defendants deny any and all material allegations contained in that paragraph.

6. Answering paragraph IV of the complaint, defendants admit that defendant CHI is the representative payee for plaintiff. Except as expressly admitted, defendants deny the remainder of any and all material allegations contained in that paragraph, including but not limited to that individual defendants HEASLEY, BENNETT, KATZMAN, KOSSLER and VULLMAHN are plaintiff's representative payee and that they owe any duties to plaintiff pursuant to contract, statute, regulation, or other authority or basis, and that defendant CHI owes plaintiff any duties except as expressly provided by the statutes and regulations applicable to representative payees pursuant to the Social Security representative payment system.

7. Answering paragraph V of the complaint, defendants deny any and all material allegations contained in that paragraph.

8. Answering paragraph VI of the complaint, defendants admit that 42 U.S.C. section 1983 includes the language quoted. Except as expressly admitted, defendants deny the remainder of any and all material allegations contained in that paragraph.

9. Answering paragraph VII of the complaint, defendants deny any and all material allegations contained in paragraph VII on the basis that they are without knowledge or information sufficient to form a belief as to the truth of the allegations.

10. Answering paragraph VIII of the complaint, defendants deny any and all material allegations contained in that paragraph.

11. Answering paragraph IX of the complaint, defendants admit that the complaint is incomplete, and deny any and all other material allegations contained in that paragraph. The allegations defendants specifically deny include but are not limited to that plaintiff is entitled to her prior or another residence at no cost, that defendants have engaged in any act of criminal malfeasance or any other wrongful act, error or omission with respect to plaintiff, and that plaintiff has incurred any damages, costs or expenses of any nature or amount caused by defendants.

12. Answering paragraph X of the complaint, defendants deny any and all material allegations contained in the double-underlined and bold-faced type. Defendants deny any and all

material allegations contained in subparagraphs 1, 3, 4, 5, 6, 7, and 9 of paragraph X on the basis that they are without knowledge or information sufficient to form a belief as to the truth of the allegations. Defendants admit the allegation in subparagraph 2 of paragraph X that plaintiff is currently receiving Social Security disability payments. Defendants admit the allegation in subparagraph 8 that plaintiff has a a Social Security Representative Payment Payee, but deny any and all material allegations contained in the remainder of that subparagraph. Defendants deny any and all material allegations contained in subparagraph 10 of paragraph X.

13. Answering the paragraphs of the complaint which follow the heading "**IMMEDIATE RELIEF SOUGHT**", defendants note that this section of the complaint appears to be a motion heard and decided by the Court before defendants were served with the summons and complaint, and not new or separate factual allegations or causes of action. This section repeats many of the same allegations and extraneous material contained in the paragraphs of the complaint answered by defendants above. Except as to any material allegations defendants have expressly admitted above, defendants deny any and all material allegations contained in the paragraphs which follow the heading "**IMMEDIATE RELIEF SOUGHT**".

**AFFIRMATIVE DEFENSES**

14. AS A FIRST SEPARATE AFFIRMATIVE DEFENSE to the complaint, defendants allege that the obligations plaintiff alleges in her complaint were breached by defendants were discharged by accord and satisfaction.

15. AS A SECOND SEPARATE AFFIRMATIVE DEFENSE to the complaint, defendants allege that plaintiff, by her own conduct and/or the conduct of her agents and representatives, is estopped from asserting the claims contained in her complaint against defendants.

16. AS A THIRD SEPARATE AFFIRMATIVE DEFENSE to the complaint, defendants allege that plaintiff, by her own conduct and/or the conduct of her agents and representatives, has waived any right to assert the claims contained in her complaint against defendants.

17. AS A FOURTH SEPARATE AFFIRMATIVE DEFENSE to the complaint, defendants allege that plaintiff, by her own conduct and/or the conduct of her agents and representatives, has materially breached the terms of her arrangement with CHI for CHI to serve as her representative

payee pursuant to the Social Security Representative Payment system which is the subject of plaintiff's complaint, which conduct extinguishes any right of plaintiff to the relief sought by way of her complaint.

18. AS A FIFTH SEPARATE AFFIRMATIVE DEFENSE to the complaint, defendants allege that, to the extent any damage or loss was sustained by plaintiff, such alleged damage or loss was proximately caused by the failure of plaintiff and/or her agents and representatives to prevent or mitigate any such damage or loss.

19. AS A SIXTH SEPARATE AFFIRMATIVE DEFENSE to the complaint, defendants allege that plaintiff is guilty of "unclean hands" in the matters set forth in the complaint, which conduct extinguishes the right to any equitable relief sought in this action.

20. AS A SEVENTH SEPARATE AFFIRMATIVE DEFENSE to the complaint, defendants allege that plaintiff's complaint, and each purported cause of action alleged therein, is vague, ambiguous, and uncertain.

21. AS AN EIGHTH SEPARATE AFFIRMATIVE DEFENSE to the complaint, defendants allege that plaintiff's complaint, and each purported cause of action alleged therein, is barred because there was no privity between plaintiff and defendants HEASLEY, BENNETT, KATZMAN, KOSSLER and VULLMAHN at any time relevant to plaintiff's claims.

22. AS A NINTH SEPARATE AFFIRMATIVE DEFENSE to the complaint, defendants allege that plaintiff's complaint, and each purported cause of action alleged therein, is barred against defendants HEASLEY, BENNETT, KATZMAN, KOSSLER and VULLMAHN because there has been a misjoinder of those defendants as parties to this action.

23. AS A TENTH SEPARATE AFFIRMATIVE DEFENSE to the complaint, defendants allege that plaintiff consented to the acts complained of in the complaint, and that said consent was both express and implied.

WHEREFORE, defendants pray as follows:

1. That plaintiff take nothing by reason of her complaint and judgment be rendered in favor of defendants;

2. That defendants be awarded their costs of suit, including reasonable attorney fees, incurred

1  in the defense of this action;

2     3. For such other and further relief as the court deems just and proper.

3  Dated: August 29, 2008

4

5  /S/_____
   Dana Dumas Sankary

6  Attorney for Defendants
   CONARD HOUSE, INC., RICHARD HEASLEY,
7  MARK L. BENNETT, SETH KATZMAN,
   CAROL KOSSLER and CAROL VULLMAHN

8

9  **DEMAND FOR JURY TRIAL**

10  Defendants CONARD HOUSE, INC., RICHARD HEASLEY, MARK L. BENNETT, SETH

11  KATZMAN, CAROL KOSSLER and CAROL VULLMAHN demand a trial by jury of all triable

12  issues in this action.

13  Dated: August 29, 2008

14

15  /S/_____
   Dana Dumas Sankary

16

17  Attorney for Defendants
   CONARD HOUSE, INC., RICHARD HEASLEY,
   MARK L. BENNETT, SETH KATZMAN,
18  CAROL KOSSLER and CAROL VULLMAHN

19

20

21

22

23

24

25

26

27

28