1   **DANA DUMAS SANKARY - State Bar No. 118859**
    **Attorney at Law**
2   **320 Village Square**
    **Orinda, CA  94563**
3   **Telephone:      (925) 253-4762**
    **Facsimile:       (925) 253-0426**
4   **Email:             dsankary@comcast.net**

5   Attorney for Defendants
    CONARD HOUSE, INC., RICHARD HEASLEY,
6   MARK L. BENNETT, SETH KATZMAN,
    CAROL KOSSLER and CAROL VULLMAHN

7

8   **DENNIS J. HERRERA, State Bar #139669**
    **City Attorney**
9   **JOANNE HOEPER, State Bar #114961**
    **Chief Trial Attorney**
10  **MEGHAN K. HIGGINS, State Bar #235685**
    **Deputy City Attorney**
11  **Fox Plaza**
    **1390 Market Street, Sixth Floor**
12  **San Francisco, CA 94102-5408**
    **Telephone:      (415) 554-3896**
13  **Facsimile:       (415) 554-3837**
    **Email:             meghan.higgins@sfgov.org**
14
    Attorneys for Defendant
15  CITY AND COUNTY OF SAN FRANCISCO

16                  **UNITED STATES DISTRICT COURT**

17                  **NORTHERN DISTRICT OF CALIFORNIA**

18

19  SOPHIA WONG,                          )
                                          )   Case No: CV 08-2432 SBA
20              Plaintiff,                )
                                          )   **DEFENDANTS' JOINT CASE**
21  v.                                    )   **MANAGEMENT STATEMENT**
                                          )
22  MICHAEL J. ASTRUE, Commissioner, of   )   **[CONARD HOUSE, INC., RICHARD**
    Social Security Administration, *et al.*,  )   **HEASLEY, MARK L. BENNETT,**
23                                        )   **SETH KATZMAN, CAROL KOSSLER,**
                                          )   **and CAROL VULLMAHN, and**
24              Defendants.               )   **DEFENDANT CITY AND COUNTY**
                                          )   **OF SAN FRANCISCO];**
25                                        )   **PROPOSED ORDER**
                                          )
26                          _____

27          Defendants CONARD HOUSE, INC., RICHARD HEASLEY, MARK L. BENNETT, SETH

28  KATZMAN,  CAROL  KOSSLER  and  CAROL  VULLMAHN  (hereinafter  the  "CONARD

defendants"), together with defendant CITY AND COUNTY OF SAN FRANCISCO (hereinafter

the "CITY"), jointly submit this Joint Case Management Statement and Proposed Order and request

the Court to adopt it as its Case Management Order in this case. **Defendants only recently were**

**served and appeared in this action, and plaintiff has not contacted defense counsel nor has she**

**provided a telephone number or email contact. As a result, defendants are unable to meet and**

**confer with plaintiff in order to file a joint case management statement, to discuss ADR**

**options, or to arrange for all parties to appear by telephone for the September 10, 2008, case**

**management conference.**

1.      Jurisdiction and Service: As all defendants have raised as defenses in their responsive

pleadings, plaintiff's complaint is uncertain which makes it difficult or impossible to determine the

basis of jurisdiction or venue. As to the CONARD defendants, in reliance on the Court's Order dated

July 13, 2008, finding plaintiff has pled a violation of 42 U.S.C. section 1983(a)(l)(A)(iv) against

her payee for misuse of benefits, the CONARD defendants do not currently dispute the Court's

subject matter jurisdiction over that claim. However, the individual CONARD defendants dispute

that they are the payee for plaintiff which may bring into dispute whether there is any subject matter

jurisdiction regarding any claims plaintiff may assert against them. As to the CITY, it has filed a

motion to dismiss for failure to state a claim or, in the alternative, for a more definite statement, on

the grounds that, among other things, plaintiff has failed to allege a cause of action against it under

section 1983 or any other legal theory. Under these circumstances, the CITY does not have sufficient

information to determine if it disputes the Court's subject matter jurisdiction. At this time, based on

the information available to defendants, there does not appear to be a dispute regarding personal

jurisdiction or venue. Although defendants do not have information regarding the status of service,

they note that there are additional defendants named in the complaint who have not yet appeared.

2.      Facts: As all defendants have raised as defenses in their responsive pleadings, plaintiff's

complaint is uncertain which makes it difficult or impossible to determine the facts that may be

relevant to any claims she may assert.

        The investigation to date conducted by defendant CONARD HOUSE, INC. indicates that:

Plaintiff is a recipient of Social Security disability payments through the Representative

1    Payment system pursuant to 20 CFR sections 416.601 et seq. Since 2006, defendant CONARD

2    HOUSE, INC. has been the representative payee selected and appointed by the Social Security

3    Administration to receive benefits on behalf of plaintiff.   As plaintiff's representative payee,

4    CONARD HOUSE, INC. issued rent checks payable to San Francisco Housing Authority from June

5    30, 2006, and continued thereafter to issue rent checks to San Francisco Housing Authority and for

6    other residences in accordance with plaintiff's instructions and the information CONARD HOUSE,

7    INC. received regarding plaintiff's living arrangements.  From plaintiff's complaint, she appears to

8    claim that CONARD HOUSE, INC. did not pay her rent and misused her benefits.  This allegation

9    is disputed by the CONARD defendants.

10        The CITY is unable to determine from plaintiff's complaint what facts may be relevant or

11   in dispute.

12   3.     Legal Issues:  The individual CONARD defendants dispute that they owe any statutory or

13   other duty to plaintiff.  Defendant CONARD HOUSE, INC. disputes that it failed to comply with

14   any statutory or other duty it may have owed to plaintiff as its representative payee or otherwise.

15        The CITY is unable to determine from plaintiff's complaint what legal issues  may be

16   relevant or in dispute.

17   4.     Motions:  The only pending motion at this time is the CITY's motion to dismiss or for a more

18   definite statement.  From the docket, it appears that, prior to service of the action on defendants,  the

19   Court heard and ruled on motions including plaintiff's application to proceed *in forma pauperis*,

20   application for appointment of an attorney, application for temporary restraining order, and motion

21   for reconsideration of those applications.  The CONARD defendants anticipate filing a motion for

22   judgment on the pleadings or motion for summary judgment.

23   5.     Amendment of Pleadings:  At this time, defendants do not have sufficient information to

24   address amendments, other than to note that plaintiff has expressed in her complaint an intention to

25   amend.

26   6.     Evidence Preservation:  There is no necessity for the CONARD defendants to take unusual

27   steps to preserve evidence in this action. As to the CITY, all steps necessary to preserve relevant

28   / / /

evidence, consistent with the City and County of San Francisco's retention policies, are being followed.

7.     <u>Disclosures:</u> The time for initial disclosures has not yet passed.

8.     <u>Discovery:</u> No discovery has occurred to date. The scope of anticipated discovery will depend on the outcome of the CITY's pending motion, any amendments plaintiff may make to her complaint, and whether plaintiff will voluntarily dismiss the individual CONARD defendants. At a minimum, plaintiff's deposition will be necessary. No limitations or modification of discovery rules is known to be necessary at this time.

9.     <u>Relief:</u> Defendants have no current understanding of the amount or basis of any damages plaintiff may be claiming in this action, and deny that damages of any kind or other relief is warranted.

10.     <u>Settlement and ADR:</u> Defendants have insufficient information from plaintiff to report the prospects of settlement or any agreement regarding an ADR plan. The CONARD defendants suggest that an early conference would be appropriate to attempt determine what is in dispute and to reach a resolution, since plaintiff has recently informed the Social Security Administration that she is satisfied with the services of CONARD HOUSE, INC. and wishes for it to continue as her representative payee.

11.     <u>Consent to Magistrate Judge for all Purposes:</u> Defendants do not consent to have a magistrate judge conduct all further proceedings in this case.

12.     <u>Other References:</u> No other references appear appropriate at this time.

13.     <u>Narrowing of Issues:</u> As defendants have been unable to contact plaintiff, it is unknown whether issues can be narrowed by agreement or if there are appropriate ways to expedite presentation of evidence at trial. The pending motion by the CITY and anticipated dispositive motions by the CONARD defendants would eliminate any issues or substantially narrow them.

14.     <u>Expedited Schedule:</u> After defendants have the opportunity to better determine the nature of plaintiff's claims, an expedited schedule may be appropriate.

15.     <u>Scheduling:</u> Defendants do not presently have sufficient information to propose dates for designation of experts, discovery cutoff, hearing dispositive motions, pretrial conference and trial,

1    and request that the Court schedule a further case management conference for a date after the CITY's

2    motion is heard and after it is apparent whether plaintiff intends to amend her complaint.

3    16.    Trial: The CONARD defendants have demanded a jury and plaintiff appears to have

4    requested one as well. Until more information is obtained from plaintiff regarding her claim, it is

5    premature to estimate the length of trial or whether a jury will in fact be appropriate. The CITY will

6    also request a trial by jury if its pending motion to dismiss is unsuccessful.

7    17.    Disclosure of Non-party Interested Entities or Persons: The CONARD defendants have filed

8    the certification.

9    18.    Other Matters: The CONARD defendants suggest that either an early ADR conference or

10   other facilitated conference with plaintiff may be of assistance in determining the scope of her claim

11   as to them or if she currently intends to proceed with this action in light of a statement filed with the

12   Social Security Administration confirming her satisfaction with CONARD HOUSE, INC. and

13   requesting that it continue as her representative payee.

14   Dated: September 2, 2008

16       /S/_____
         Dana Dumas Sankary

17       Attorney for Defendants
18       CONARD HOUSE, INC., RICHARD HEASLEY,
         MARK L. BENNETT, SETH KATZMAN,
         CAROL KOSSLER and CAROL VULLMAHN
19
20       DENNIS J. HERRERA
         City Attorney
         JOANNE HOEPER
21       Chief Trial Attorney
         MEGHAN K. HIGGINS
22       Deputy City Attorney

25       By: /S/_____
                MEGHAN K. HIGGINS
26
         Attorneys for Defendant
27       CITY AND COUNTY OF SAN FRANCISCO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CASE MANAGEMENT ORDER

The Joint Case Management Statement and Proposed Order submitted by defendants CONARD HOUSE, INC., RICHARD HEASLEY, MARK L. BENNETT, SETH KATZMAN, CAROL KOSSLER and CAROL VULLMAHN and defendant CITY AND COUNTY OF SAN FRANCISCO is hereby adopted by the Court as a Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: _____

_____
SAUNDRA BROWN ARMSTRONG,
UNITED STATES DISTRICT JUDGE

**PROOF OF SERVICE BY MAIL**

STATE OF CALIFORNIA

COUNTY OF CONTRA COSTA

I am employed in the County of Contra Costa, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 320 Village Square, Orinda, California  94563.  On September 2, 2008, I served the foregoing document(s) described as JUDGMENT on the person(s) shown below, by placing a true and correct copy thereof in an envelope(s) addressed as follows:

Sophia Wong

1230 Market Street, #731

San Francisco, CA 94102,

sealing said envelopes, and placing them for collection and mailing on that same date following the ordinary business practices at the offices of Dana Dumas Sankary, Attorney at Law, at its place of business, located at 320 Village Square, Orinda, California  94563.  I am readily familiar with the business practices of the offices of Dana Dumas Sankary, Attorney at Law, for collection and processing of correspondence for mailing with the United States Postal Service.  Pursuant to said practices the envelopes are deposited with the United States Postal Service that same day in the ordinary course of business.

Executed on September 2, 2008, at Orinda, California.  I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

/s/_____
Dana Dumas Sankary