**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

SOPHIA WONG,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration, *et al.*,

    Defendants.

No. C 08-02432 SBA

**ORDER**

[Docket Nos. 16, 22]

Before the Court are (1) a Motion to Dismiss for Failure to State a Claim, or, in the Alternative, for a More Definite Statement (the "Motion") [Docket No. 16] filed by defendant City and County of San Francisco (erroneously sued as Adult Protective Services of the City and County of San Francisco) (the "City"); and (2) a Status Report filed by defendant Michael J. Astrue, Commissioner of the Social Security Administration ("SSA") [Docket No. 22]. The SSA seeks to continue a Case Management Conference (the "CMC") currently set for September 10, 2008 to a date beyond its September 29, 2008 deadline to answer. For the following reasons, the Court DENIES the Motion without prejudice and CONTINUES the CMC.

**BACKGROUND**

**I.     Factual History**

Plaintiff Sophia Wong is a severely mentally disabled recipient of Supplemental Security Income ("SSI") disability benefits from the SSA. Docket No. 1 at 8:2-5 (Compl.). In propria persona, she has sued the SSA, the Conard House, Inc. and five of its agents ("Conard"), the director of the San Francisco Housing Authority ("SFHA"), the South of Market Mental Health Clinic (the "Clinic"), and the City. *Id.* at 1. Conard, as Wong's payee, receives her SSI benefits. *Id.* Plaintiff has sued all defendants in their individual and official capacities. *Id.* at 2. In her Complaint, she alleges Conard did not pay her rent for 15 months, resulting in her eviction by the SFHA in San Francisco County Superior Court case CUD-08-625494. *Id.* at 8:11-20, 9:17, 11:24-25. Sua sponte, the Court takes judicial notice under Federal Rule of Evidence 201 that the superior court's web site

shows an unlawful detainer action, *SFHA v. Wong*, CUD-08-625494, terminated in the SFHA's favor, on May 19, 2008. She further alleges the SSA failed to monitor Conard, *id.* at 8:19-9:14, and the City failed to protect her from Conard's illegal conduct, *id.* at 6:8-21. As a result, she alleges she is homeless, *id.* at 1:1, 10:3-6, 10:15-16, though she has provided the Clerk of the Court with a post office box for Court notices. *See* Docket.

## II.   Procedural History

Wong filed her Complaint on May 12, 2008, raising the allegations just discussed. *See* Compl. at 1. This same day, Wong filed ex parte an application for a temporary restraining order ("TRO") [Docket No. 4], an application to Proceed *in forma pauperis* ("IFP") [Docket No. 3], and an application for the appointment of counsel [Docket No. 4]. In her TRO application, Wong sought to stop her eviction proceedings, but because she had already been evicted, and for other reasons irrelevant here, the Court denied her application. *See* Docket No. 7. The Court also denied her IFP application as unsigned. *See* Docket No. 8  In turn, the Court denied her request for counsel, as any appointment would be predicated on her IFP status. *See* Docket No. 9. On May 19, 2008, the Court set a CMC for September 10, 2008 at 3:00 p.m. *See* Docket No. 10.

On June 16, 2008, Wong filed a motion for the Court to reconsider its denials of her request for a TRO, IFP status, and counsel. *See* Docket No. 12. The Court denied her request to reconsider its denial of her TRO request. *See* Docket No. 13. The Court reconsidered her IFP request, as it turned out her signature had been obscured during the scanning process by small attachments to her application. *See id.* The Court granted her IFP status, and ordered the U.S. Marshall to serve defendants. *See id.* The Court then reconsidered her request for counsel, but denied it, as she had not yet attempted to find counsel on her own, a prerequisite for requesting counsel. *See id.*

On July 22, 2008, the Marshall served all defendants. *See* Docket No. 14-15. On August 25, 2008, the City filed its Motion to Dismiss for Failure to State a Claim, or, in the Alternative, for a More Definite Statement (the "Motion"). *See* Docket No. 16. The City raises no affirmative defenses, but merely maintains either Wong's statements that the City failed to protect her from Conard do not state a claim, or require elaboration to do so. *See id.* On August 28, 2008, the Clerk

///

of the Court notified the parties they had not filed their ADR certification or stipulation as required by local rules. *See* Docket No. 17.

On August 29, 2008, Conard answered. *See* Docket No. 18. On September 2, 2008, the City and Conard filed a joint case management statement (the "CMS"). *See* Docket No. 21. In it, Conard confirms it has been Wong's payee and has paid rent since June 2006 to the SFHA "and for other residences in accordance with plaintiff's instructions and the information CONARD HOUSE, INC. received regarding plaintiff's living arrangements." *Id.* ¶ 2. Conard also alleges Wong "recently informed the Social Security Administration that she is satisfied with the services of CONARD HOUSE, INC. and wishes for it to continue as her representative payee." *Id.* ¶ 10. On September 3, 2008, the SSA filed a "Status Report," indicating it could not join in a CMS until after it has answered or otherwise pled in response to Wong's Complaint, which it would do on September 29, 2008. *See* Docket No. 22. The SSA thus "respectfully suggests" the Court continue the CMC until after its answer deadline. *Id.* As of September 4, 2008, neither the SFHA nor the Clinic have appeared in this matter.

**LEGAL STANDARD**

Paragraph 5 of the Court's Standing Order for Civil Cases states, "5. Meet and Confer Requirement; *All parties* are required to meet and confer before filing any motion with this court, and to certify that they have complied with this requirement." (Emphasis added.) Paragraph 10.A. of this Order requires *all parties* file a joint case management statement at least ten days prior to a CMC.

**ANALYSIS**

The Court DENIES without prejudice the City's Motion, because it failed to meet and confer as required by the Court's Standing Order. The purpose of the requirement is to encourage settlement, resolve disputes which need not involve the Court, and avoid unnecessary litigation, thus saving the parties', the Court's, and the taxpayers' limited time, money, and resources. Further, this Court strongly disfavors unnecessary Rule 12 motions. In this regard, the Court notes it is the rare motion to dismiss which is granted without leave to amend. Thus, meeting and conferring can be an

///

invaluable method for streamlining a complaint and the issues for litigation, without resort to the Court's processes, saving the parties' time, money, and aggravation.

In this case, the City not only failed to even try to meet and confer with plaintiff, it also failed to try to meet and confer with all defendants, before filing a dispositive Rule 12 motion. This is a problem for two reasons. First, with regards to Wong, she has alleged the SSA and the City failed to prevent Conard from not paying her rent, causing the SFHA to evict her. This eviction appears on the San Francisco County Superior Court web site. Defendants should be able to verify her allegations fairly easily, and by meeting and conferring with her, resolve her issues and this matter without the Court's involvement. Nor may the City excuse itself from meeting and conferring by claiming Wong is only available by mail, for three reasons. First, the City had 60 days to answer, which is sufficient time to attempt contact by mail. Second, *Conard has indicated it knows Wong's physical address*. Third, the City could have requested a continuance in order to meet and confer, which it did not. Regardless, by filing its Rule 12 motion, without meeting and conferring with Wong, the City lost a chance to resolve this matter quickly and efficiently. Thus, the Court DENIES the Motion without prejudice, to allow the City to comply with the Court's Standing Order and meet and confer with Wong.

Just as it was inefficient for the City to file its Rule 12 motion without meeting and conferring with Wong, it was also inefficient to do so without meeting and conferring with the co-defendants. There are ten defendants in this matter. Besides the City, the six Conard defendants have answered, and the SSA is preparing its initial filing.[1] While neither the SFHA nor the Clinic have appeared, it is unlikely the SFHA will fail to do so. By failing to meet and confer with co-defendants, the City failed to coordinate briefing schedules, consider an omnibus Rule 12 motion, or coordinate how to meet and confer with Wong. This last issue is paramount, as the SSA and SFHA may have information which could help resolve this matter by meeting and conferring with Wong. But, because the City did not comply with the Court's Standing Order, the opportunity was lost.

---

[1] The Court advises the SSA to review Civil Local Rule 7-11 which governs the filing of administrative motions for matters such as requests for a continuance. In this case, the SSA never filed an actual motion with an express request for a continuance, a proposed order, or chambers' copies. Nor did it seek a stipulation prior to approaching the Court. *See* Civ. L.R. 6-2.

1  Thus, the Court DENIES the City's Motion without prejudice, to allow the City to meet and confer
2  with the co-defendants as well.[2]

**CONCLUSION**

Accordingly, the Court DENIES the Motion to Dismiss for Failure to State a Claim, or, in the Alternative, for a More Definite Statement [Docket No. 16] filed by defendant City and County of San Francisco (erroneously sued as Adult Protective Services of the City and County of San Francisco).  The Court VACATES the hearing for this motion set for October 7, 2008 at 1:00 p.m.  Further, the Court CONTINUES the CMC scheduled for September 10, 2008 at 3:00 p.m, *see* Docket No. 10, to October 8, 2008 at 3:45 p.m.  The parties shall **meet and confer** prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order for all Judges of the Northern District of California and the Standing Order of this Court.  **Defendants** shall be responsible for filing the statement as well as for arranging the conference call.  All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS SO ORDERED.

September 5, 2008                              _____
                                                Saundra Brown Armstrong
                                                United States District Judge

---

[2] The Court notes *all parties* must not only meet and confer prior to filing any pleadings with the Court, but also when preparing the joint CMS.  Standing Order for Civ. Cases ¶ 10.A.

1
2  UNITED STATES DISTRICT COURT
3  FOR THE
4  NORTHERN DISTRICT OF CALIFORNIA
5
6
7  WONG et al,                                       Case Number: CV08-02432 SBA
8           Plaintiff,                               **CERTIFICATE OF SERVICE**
9     v.
10 ASTRUE et al,
11          Defendant.
12
13 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 8, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sophia Wong
1230 Market Street, #731
San Francisco, CA 94102

Dated: September 8, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk