1

2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

3

4

5

6

7

8

9

SOPHIA WONG,

        Plaintiff,

  v.

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration, *et al.*,

        Defendants.

No.  C 08-02432 SBA

**ORDER**

[Docket No. 45]

10

**INTRODUCTION**

11

12

13

14

15

16

17

18

19

20

     Before the Court is plaintiff's Request for Permission to File Motion for Reconsideration (the "Motion for Permission") [Docket No. 45] to which is attached (1) Plaintiff's Motion for Reconsideration; or in the Alternative Motion to Amend Complaint and Add New Plaintiffs and New Defendants (the "Motion for Reconsideration") and (2) Plaintiff's Ex Parte Motion for a Court Order Referring Litigant to Federal Pro Bono Project and Staying Proceedings Pending Appointment of Counsel (the "Motion for Counsel").  The Court DENIES in part and GRANTS in part the Motion for Permission.  Specifically, the Court construes the Motion for Reconsideration as (1) a motion to reopen the case and (2) a motion to file an amended complaint.  The Court sets a briefing schedule for the former and DENIES the latter without prejudice.  The Court also DENIES the Motion for Counsel without prejudice.

21

**BACKGROUND**

22

**I.**     **Factual History**

23

24

25

26

27

28

     Plaintiff Sophia Wong is a severely mentally disabled recipient of Supplemental Security Income ("SSI") disability benefits from the Social Security Administration ("SSA").  Docket No. 1 at 8:2-5 (Compl.).  In propria persona, she has sued the SSA, the Conard House, Inc. and five of its agents ("Conard"), the director of the San Francisco Housing Authority ("SFHA"), the South of Market Mental Health Clinic (the "Clinic"), and the City and County of San Francisco (erroneously sued as Adult Protective Services of the City and County of San Francisco) (the "City").  *Id.* at 1.

Conard, as Wong's payee, receives her SSI benefits. *Id.* Plaintiff has sued all defendants in their individual and official capacities. *Id.* at 2. In her Complaint, she alleges Conard did not pay her rent for 15 months, resulting in her eviction by the SFHA in San Francisco County Superior Court case CUD-08-625494. *Id.* at 8:11-20, 9:17, 11:24-25. Sua sponte, the Court takes judicial notice under Federal Rule of Evidence 201 that the superior court's web site shows an unlawful detainer action, *SFHA v. Wong*, CUD-08-625494, terminated in the SFHA's favor, on May 19, 2008. She further alleges the SSA failed to monitor Conard, *id.* at 8:19-9:14, and the City failed to protect her from Conard's illegal conduct, *id.* at 6:8-21. As a result, she alleges she became homeless, *id.* at 1:1, 10:3-6, 10:15-16. She provided, however, the Clerk of the Court with a post office box for Court notices. *See* Docket.

## II.    Procedural History

Wong filed her Complaint on May 12, 2008. *See* Compl. at 1. This same day, Wong filed ex parte an application for a temporary restraining order ("TRO") [Docket No. 4], an application to Proceed *in forma pauperis* ("IFP") [Docket No. 3], and an application for the appointment of counsel [Docket No. 4]. In her TRO application, Wong sought to stop her eviction proceedings, but because she had already been evicted, and for other reasons irrelevant here, the Court denied her application. *See* Docket No. 7. The Court also denied her IFP application as unsigned. *See* Docket No. 8 In turn, the Court denied her request for counsel, as any appointment would have been predicated on her IFP status. *See* Docket No. 9.

On June 16, 2008, Wong filed a motion for the Court to reconsider its denials of her request for a TRO, IFP status, and counsel. *See* Docket No. 12. The Court denied her request to reconsider its denial of her TRO request. *See* Docket No. 13. The Court reconsidered her IFP request, as it turned out her signature had been obscured during the scanning process by small attachments to her application. *See id.* The Court then granted her IFP status, and ordered the U.S. Marshall to serve defendants. *See id.* The Court then reconsidered her request for counsel, but denied it, as she had not yet attempted to find counsel on her own. *See id.*

On July 22, 2008, the Marshall served all defendants. *See* Docket No. 14-15. On August 25, 2008, the City filed a Motion to Dismiss for Failure to State a Claim, or, in the Alternative, for a

2

More Definite Statement.  *See* Docket No. 16.  On August 29, 2008, Conard answered.  *See* Docket No. 18.  On September 2, 2008, the City and Conard filed a joint case management statement (the "CMS").  *See* Docket No. 21.  In it, Conard confirms it has been Wong's payee and has paid rent since June 2006 to the SFHA "and for other residences in accordance with plaintiff's instructions and the information CONARD HOUSE, INC. received regarding plaintiff's living arrangements."  *Id.* ¶ 2.  On September 3, 2008, the SSA filed a "Status Report," indicating it could not join in a CMS until after it has answered or otherwise pled in response to Wong's Complaint, which it would do on September 29, 2008.  *See* Docket No. 22.

On September 8, 2008, the Court denied the City's motion to dismiss because it had failed to meet and confer with any party, neither those who had appeared, nor those who had not, including the SFHA, a key defendant, and the Clinic.  *See* Docket No. 37 at 3-4.  The Court held this was problematic where public records showed Wong had been evicted, yet Conard was asserting it had and was paying her rent, which suggested this matter was amenable to settlement by the meet-and-confer process, once the SSA and SFHA became involved in this matter.  *See id.*

On September 22, 2008, Wong signed a Stipulation and Proposed Order to Dismiss, which stated the parties "stipulate, subject to approval of the Court, to dismissal of the above-entitled action with prejudice."  Docket No. 41.  The Court approved the dismissal with prejudice on September 24, 2008.  *See* Docket No. 42.  On September 26, 2008, Wong filed an *unsigned* Ex Parte Motion for a Court Order Referring Litigant to Federal Pro Bono Project and Staying Proceedings Pending Appointment of Counsel [Docket No. 43], which the Court denied on October 1, 2008, as this matter was closed, *see* Docket No. 44.

On November 25, 2008, Wong filed the pleadings before the Court, her Request for Permission to File Motion for Reconsideration (the "Motion for Permission") [Docket No. 45] to which is attached (1) Plaintiff's Motion for Reconsideration; or in the Alternative Motion to Amend Complaint and Add New Plaintiffs and New Defendants (the "Motion for Reconsideration") and (2) Plaintiff's Ex Parte Motion for a Court Order Referring Litigant to Federal Pro Bono Project and Staying Proceedings Pending Appointment of Counsel (the "Motion for Counsel").

///

1

**ANALYSIS**

**I.      The Motion for Reconsideration**

In her Motion for Reconsideration, Wong raises two grounds for reconsideration:  (1) She was denied due process "when her entire case was dismissed," even though she sued the Social Security Administration by suing Michael J. Astrue in his official capacity; and (2) the defendants fraudulently provided her with a different settlement agreement to sign, rather than the one she had negotiated.  Mot. at 3.  The Court did not adjudicate this matter on the merits.  Rather, the parties requested the Court to approve their Stipulation and Proposed Order to Dismiss this matter with prejudice.  The Court approved this stipulation and ordered this matter dismissed on September 22, 2008.  As such, there is nothing for the Court to reconsider, as this matter is closed.  Nonetheless, the Court construes Wong's Motion for Reconsideration as a motion to reopen her case predicated on alleged fraud in its settlement.

Wong failed to file her motion with a noticed hearing date.  The Court has previously advised Wong that **pro se parties are expected to familiarize themselves with the Federal Rules of Civil Procedure, the Northern District Local Civil Rules, and this Court's standing orders**.[1] The Court further admonishes her that she risks having her pleadings stricken or, were this matter reopened, having this entire matter dismissed, if she continues to violate the federal rules, the local rules, or this Court's standing orders.  Nonetheless, the Court will set a briefing schedule for her motion to reopen.

**II.     The Motion to File an Amended Complaint**

As this matter is closed, the Court DENIES Wong's motion to file an amended complaint without prejudice.  If the Court reopens this matter, Wong may then file this motion.

**III.    The Motion for Counsel**

Attached to the exhibits to her Motion for Reconsideration is Wong's Motion for Counsel.  This is procedurally inappropriate.  Motions filed for the Court's consideration are not to be filed as

---

[1]      The local rules and standing orders are available at the Clerk's office in each federal court, and on the Court's web site, www.cand.uscourts.gov.  The web site and Clerk's offices also have copies of the *Pro Se Handbook*, available to the public at no charge.

4

attachments to other motions.  (The Clerk of the Court was completely unaware that Wong had filed two motions.  The Court only discovered the second motion when manually reviewing the exhibits to Wong's Motion for Reconsideration.)

Wong has requested the Court refer her to the Federal Pro Bono Project of the Northern District of California.  Under the project's guidelines, the Court may not consider a referral to it, unless a (1) pro per litigant, (2) proceeding *in forma pauperis*, (3) has failed in their reasonable efforts to retain private counsel, including but not limited to contacting a California State Bar-approved lawyer referral service.  Guidelines for Fed. Pro Bono Project of N.D. Cal. ¶ 1.

Wong filed a signed, but unsworn statement, that she had contacted the San Francisco Bar Association ("SFBA") for a referral, but no attorneys were available, and that she had contacted an attorney who said he could not represent her "at this time."  Mot. for Couns. at 1.  The Court DENIES the Motion for Counsel because: (1) her case is closed; (2) she failed to declare clearly her efforts to obtain counsel; and (3) she failed to declare the details of her attempts to contact *multiple* private attorneys.  The Court DENIES the Motion for Counsel without prejudice.

## CONCLUSION

Accordingly, the Court DENIES in part and GRANTS in part plaintiff Sophia Wong's Request for Permission to File Motion for Reconsideration [Docket No. 45] to which is attached (1) Plaintiff's Motion for Reconsideration; or in the Alternative Motion to Amend Complaint and Add New Plaintiffs and New Defendants (the "Motion for Reconsideration") and (2) Plaintiff's Ex Parte Motion for a Court Order Referring Litigant to Federal Pro Bono Project and Staying Proceedings Pending Appointment of Counsel (the "Motion for Counsel").  The Court DENIES without prejudice the Motion for Counsel.

Further, the Court construes the Motion for Reconsideration as (1) a motion to reopen the case and (2) a motion to file an amended complaint.  The Court DENIES without prejudice the motion to file an amended complaint.  Regarding the motion to reopen the case, the Court sets the following briefing schedule.  All defendants who wish to file an opposition, shall do so on or before

///

///

1   January 6, 2009.  If Wong wishes to file a reply, she may do so on or before January 13, 2009.  The

2   Court shall not set a hearing, but shall consider the matter submitted on the pleadings.

3

4        IT IS SO ORDERED.

5

6        December 18, 2008                        _____
                                                  Saundra Brown Armstrong
7                                                 United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2   UNITED STATES DISTRICT COURT
    FOR THE

3   NORTHERN DISTRICT OF CALIFORNIA

4   WONG et al,
                                                    Case Number: CV08-02432 SBA
5              Plaintiff,
                                                    **CERTIFICATE OF SERVICE**
6     v.

7   ASTRUE et al,

8              Defendant.
    _____/

9

10  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
    Court, Northern District of California.

11
    That on December 18, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said
12  copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
    envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
13  located in the Clerk's office.

14

15

16  Sophia Wong
    1230 Market Street, #731
17  San Francisco, CA 94102

18  Dated: December 18, 2008

19                                       Richard W. Wieking, Clerk
                                         By: LISA R CLARK, Deputy Clerk

20

21

22

23

24

25

26

27

28